NEUHOFF BROTHERS, PACKERS V. FELIPA H. ACOSTA ET AL.

No. A-7182. Decided July 15, 1959.
Rehearing Overruled October 7, 1959.
(327 S.W. 2d Series 434)

*Lyne, Blanchette, Smith & Shelton, Fritz Lyne, Lee Smith, W. S. Barton, Jr.*, all of Dallas, for petitioner.

*Mullinax, Wells & Morris* and *David R. Richards*, of Dallas and *Robert C. Reeves*, of Tyler, for respondents.

MR. JUSTICE NORVELL delivered the opinion of the Court.

The Court of Civil Appeals dismissed the attempted appeal of Neuhoff Bros., Packers, because an appeal bond was not timely filed. Neuhoff Bros., Packers v. Acosta, 319 S.W. 2d 416.

In determining the correctness of this action it is necessary to construe that part of Rule 356, Texas Rules of Civil Procedure, which reads as follows:

"Whenever a bond for costs on appeal is required, the bond shall be filed with the Clerk within thirty days after rendition of judgment or order overruling motion for new trial."

The controlling question may be stated as follows:

In determining the time for filing an appeal bond under the rule, may one litigant rely upon his opponent's action in filing a motion for new trial?

This suit was brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A., Secs. 201-219 by Felipa H. Acosta and numerous others as plaintiffs against Neuhoff Bros., Packers, as defendants. At various times during the pendency of the action, the trial judge dismissed some 115 plaintiffs from the suit, including Felipa H. Acosta, the first named plaintiff in the petition. The case thereafter proceeded to trial and was submitted to a jury upon a total of 279 special issues. The jury's findings were for the most part favorable to the defendant, but upon motion filed in accordance with the provisions of Rule 301, the trial court rendered judgment notwithstanding the finding of the jury on one or more special issues. The plaintiffs[1] filed a motion for new trial, asserting six grounds therefor, including the action of the court in dismissing numerous plaintiffs from the suit. However, when the defendant filed no appeal bond within thirty days after the date of rendition of judgment, plaintiffs decided to accept the judgment and requested leave of the court to withdraw their motion for new trial.[2] Such leave was granted by the court and the motion was withdrawn. An appeal bond was thereafter filed by petitioner. The date of the filing was more than thirty days after the date of rendition of judgment but within thirty days from the date of the order permitting plaintiffs to withdraw their motion for new trial.

In the interest of clarity, we set out the following table of pertinent dates, all of which occurred in 1957:

August 26, — Judgment rendered notwithstanding certain jury findings.

September 5, — Plaintiffs' motion for new trial filed.

October 4, — Plaintiffs' motion to withdraw motion for new trial filed.

---

1.—Some 160 parties were named as plaintiffs in the original petition. One hundred fifteen were dismissed from the suit and 45 were awarded recoveries against the defendant in varying amounts. The motion for new trial was filed on behalf of all the original parties plaintiff including those dismissed from the suit, as well as those who recovered judgment.

2.—This request was filed on behalf of the same parties who filed the motion for new trial, that is, the parties plaintiff named in the original petition.

October 4, — Defendant filed an appeal bond.

October 7, — The court rendered an order granting plaintiffs leave to withdraw motion for new trial.

October 7, — Date upon which defendants' appeal bond could be considered as filed if the date of the withdrawal of the motion can be properly considered as the date the time begins to run for the filing of an appeal bond.[3]

The defendant, as petitioner here, contends that the pendency of any motion for new trial should operate to extend the time for filing an appeal bond. It is argued that until such motion is disposed of, no litigant knows whether an appeal will be necessary or not. However, that may be, we are of the opinion that the question is not an open one with us, but that this Court's decision in Peurifoy v. Wiebusch, 125 Texas 207, 82 S.W. 2d 624, compels an affirmance of the judgment of the Court of Civil Appeals.

In the Peurifoy case the plaintiff, Wiebusch, recovered judgment upon an instructed jury verdict against the defendant, Thomason, and the intervenor, Peurifoy. A nunc pro tunc judgment was entered on August 30, 1932, and this Court held that the right of appeal dated from the entry of such judgment. The various motions filed and steps taken by the parties prior to August 30, 1932 are immaterial to the point presently at issue. Both Peurifoy and Thomason filed appeal bonds on October 28, 1932.

As to Peurifoy, the opinion discloses that:

"After the entry of the judgment nunc pro tunc on August 30, 1932, Peurifoy took, within the time fixed by the statute, the several steps for the perfection of his appeal, namely, the filing of original and amended motions for new trial, the presentation of his amended motion to the court, and giving of notice of appeal in open court after the overruling of his motion and the filing of his appeal bond."

As to Thomason it was said that:

---

3.—Insofar as pertinent hereto, Rule 306c reads as follows:
"No * * * appeal bond * * * shall be held ineffective because prematurely filed, but * * * every such appeal bond * * * shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from or from the date of the overruling of motion for new trial, if such motion is filed."

"Since Thomason filed no motion for new trial after the entry of the judgment on August 30, 1932, it was necessary for him to file an appeal bond on or before September 29, 1932, in order to perfect an appeal from the judgment without filing a motion for new trial. Subdivision 31, art. 2092, R.S. 1925."

Peurifoy's appeal was held to be effective and Thomason's attempted appeal was dismissed. The effect of the Court's holding was that the pendency of Peurifoy's motion for new trial did not have the effect of extending Thomason's time for filing his appeal bond. If the pendency of a motion by one appellant (the intervenor in the trial court) does not operate to extend the time of another appellant (the defendant in the trial court), the pendency of a motion by prospective cross-appellants, who were plaintiffs in the trial court, could not operate to extend the time within which the appellant, who was defendant below, was required to file its appeal bond. An attempt to distinguish between appellants or prospective appellants on the basis of the position occupied by them in the trial court would operate to further complicate the situation. In the Peurifoy case, it appeared that although Peurifoy and Thomason were both appellants, they were actually adverse parties in the trial court. Thomason v. Wiebusch, Texas Civ. App., 89 S.W. 2d 452, Id., 132 Texas 36, 117 S.W. 2d 773.

Peurifoy v. Wiebusch was decided in 1935 in accordance with the provisions of the Special Practice Act of 1923, Articles 2092 and 2093 of the 1925 Revised Statutes. See, Collier, The Special Practice Act in Texas, 6 Southwestern Law Journal 193. However, there is no substantial difference between the wording of Article 2092, Sec. 31 and Rule 356 insofar as the time for filing an appeal bond is concerned.[4]

The judgment of the Court of Civil Appeals dismissing the attempted appeal is affirmed.

Opinion delivered July 15, 1959.

Rehearing overruled October 7, 1959.

---

4.—Article 2092, Sec. 31 provides that:

"In appeals from such civil district courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be fixed within thirty days after the motion for new trial is overruled * * *."