**Joe OLIVARES, Appellant,**

v.

**SERVICE FINANCE CORPORATION,**
**Appellee.**

**No. 15363.**

Court of Civil Appeals of Texas,
San Antonio.

Sept 11, 1974.

Jose F. Olivares, San Antonio, for appellant.

R. Emmett Cater, San Antonio, for appellee.

PER CURIAM.

This is an appeal by Joe Olivares from a judgment whereby appellee, Service Finance Corporation, recovered a joint and several judgment against Joe Olivares, Southwest Amalgamated Properties and Securities, Inc. (SWAPS), and six other individuals for $17,050.11, plus attorney's fees of $2,262.50 and late charges of $2,301.48. Judgment was entered following a jury trial wherein the only issue submitted to the jury was reasonable attorney's fees.

The judgment was signed on May 21, 1974. Rule 356, Texas Rules of Civil Procedure, requires a party to file his appeal bond within thirty days after rendition of the judgment or order overruling motion for new trial. Such requirement is mandatory and jurisdictional and compliance cannot be waived. Washington v. Golden State Mutual Life Ins. Co., 405 S. W.2d 856 (Tex.Civ.App—Houston, writ ref'd), 408 S.W.2d 227 (Tex.1966); Flowers v. Muse, 427 S.W.2d 727 (Tex.Civ.App. —San Antonio 1968, writ ref'd).

Appellant did not file a motion for new trial. He filed his appeal bond on July 17, 1974, which was the 58th day after the judgment was signed. This was not timely, and we have no jurisdiction unless appellant can base his appeal on the motion for new trial which was filed in this cause by two of appellant's co-defendants, SWAPS and Ray Denison. They filed a motion for new trial on May 30, 1974, which was overruled by operation of law on July 15, 1974. However, neither perfected an appeal.

The law is settled that an appellant must base his appeal on his own actions and cannot rely on the acts of other parties to extend the time limits within which he must act. Angelina County v. McFarland, 374 S.W.2d 417 (1964); Neuhoff Bros., Packers v. Acosta, 160 Tex. 124, 327 S.W.2d 434 (1959); Corpus Christi Theatres, Inc. v. Vasquez, 457 S. W.2d 382 (Tex.Civ.App.—Corpus Christi 1970, no writ). Since appellant did not timely file his appeal bond within the time

required by Rule 356, Texas Rules of Civil Procedure, we have no alternative but to dismiss the appeal for want of jurisdiction.

The appeal is dismissed.