Thomas Earl MEASELES, Appellant,

v.

The STATE of Texas, Appellee.

No. 1110–83.

Court of Criminal Appeals of Texas, En Banc.

Dec. 21, 1983.

---

v.

**The STATE of Texas, Appellee.**

**No. 09–82–146 CR.**

Court of Appeals of Texas,
Beaumont.

June 29, 1983.

William Steve Hurst, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Asst. Dist. Atty., and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

### PER CURIAM.

Appellant was convicted of the offense of delivery of methamphetamine. Punishment was assessed at imprisonment in the Texas Department of Corrections for six years.

On March 23, 1983, the Court of Appeals reversed Appellant's conviction on the grounds that the trial court erred in allowing the State at the hearing on punishment to present an expert witness who testified as to the effect of methamphetamine on the human mind and body. *Measeles v. State* (No. 3–82–122–CR; March 23, 1983). The State filed a motion for rehearing arguing that the appellant had filed only a partial statement of facts and that therefore the conviction should be affirmed. In response to the State's motion for rehearing, the Court of Appeals entered an order abating the appeal until a complete statement of facts could be prepared, approved and filed with the court. *Measeles v. State*, No. 3–82–122–CR (delivered October 12, 1983). The State has filed a petition for discretionary review challenging the authority of the Court of Appeals to order an abatement under these circumstances.

Ordinarily, this Court will not entertain a petition for discretionary review from an interlocutory order of the Court of Appeals since it does not finally dispose of the case in that court. The State's petition for discretionary review is refused.