The STATE of Texas, Appellant,

v.

C.W. DANIELS, Appellee.

Nos. 04–89–00092–CR to
04–89–00097–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 22, 1989.

Discretionary Review Granted
March 28, 1990.

Roy R. Barrera, Sr., Nicholas & Barrera,
Inc., San Antonio, for appellant.

Alger H. Kendall, Jr., Dist. Atty., Karnes
City, for appellee.

Before CADENA, C.J., and BUTTS
and REEVES, JJ.

## OPINION

CADENA, Chief Justice.

In these 6 cases the State, appealing from an order of the trial court granting defendant's motion for new trial, seeks an extension of time within which to file the statement of facts. We deny the extension because the motions for extension of time were not filed within the time prescribed by TEX.R.APP.P. 54(c).

When the State appeals from an order granting a new trial in a criminal case, it must perfect its appeal no later than the 15th day after the date on which the order was entered. TEX.CODE CRIM.PROC. ANN. art. 44.01(d) (Vernon Supp.1989). Although the statute contains no other provision purporting to govern appeals by the State in criminal cases to a court of appeals,[1] we may safely assume that the Texas Rules of Appellate Procedure govern such appeals. This conclusion seems compelled not only by sheer necessity but also by the fact that Rule 41(b)(1), which formerly contained no provision making it applicable to appeals by the State in criminal cases, was amended, effective July 1, 1989, to read:

Appeal is perfected when notice of appeal is filed within thirty (*fifteen by the state*) days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by

1. TEX.CODE CRIM.PROC.ANN. art. 44.01(h) states "[t]he Texas Rules of Appellate Procedure apply to a petition by the state to the Court of Criminal Appeals for review of a decision of a court of appeals in a criminal case."

the trial judge; except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court.

Order Adopting Amendments to Texas Rules of Appellate Procedure, 769 S.W.2d XXXI, XXXII (1989).

The parenthetical provision prescribing a shorter time for perfection of appeal by the State was clearly added to make the rule conform to the statutory provision requiring the State to "make an appeal" within 15 days after "entry" of the appealable order. Unless it was assumed that Rule 41(b)(1) was applicable to appeals by the State, the amendment of the rule to avoid conflict with the statutory provision would not have been necessary.

Rule 54(b) requires that, in the absence of a motion for new trial, the transcript and statement of facts be filed in the appellate court within 60 days after sentence is imposed or suspended, or the order appealed from has been signed. If a timely motion for new trial has been filed, the record shall be filed within 120 days after the date sentence is imposed or suspended or the order appealed from has been signed. Rule 54(c) provides that a motion for extension of time be filed in the court of appeals not later than 15 days after the last date for filing the record.

In this case, the State's motions for extension of time were filed in this Court 77 days after the order granting new trial in these 6 cases was signed. If the State was required to file the record within 60 days after the order was signed, then the last date for filing the motions for extension was 15 days after the expiration of the 60 day period, that is, 75 days after the order was signed. Motions for extension of time filed 77 days after the date the order was signed were not timely filed.

The question we must determine is whether the fact that defendant filed a motion for new trial had the effect of enlarging the period during which the State might file the record to 120 days. We conclude that it did not.

The language of Rule 54(b), while it does not restrict the enlargement of time to the party filing a motion for new trial, does not specifically enlarge the period for both parties if one party files such a motion. The history of provisions for enlargement of time due to the filing of a motion for new trial provides useful guidance, although the interpretation of such provisions is found only in cases involving appeals of civil cases.

Prior to the adoption of the Rules of Civil Procedure in 1941, TEX.REV.CIV.STAT. ANN. art. 2092, subd. 31 (Vernon 1964), provided:

> In appeals from such civil District Courts the appeal bond shall be filed within thirty (30) days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be filed within (30) thirty days after the motion for new trial is overruled.

The statute, like our Rules of Appellate Procedure, enlarged the time for taking a required step in the appellate process when a motion for new trial was filed. In *Peurifoy v. Wiebusch*, 125 Tex. 207, 82 S.W.2d 624 (Tex.Comm'n App.1935, opinion adopted), judgment in favor of Wiebusch against defendants Peurifoy and Thompson was entered on August 30. Only Peurifoy filed a motion for new trial which was overruled on September 30. Peurifoy and Thompson filed appeal bonds on October 28, within 30 days after Peurifoy's motion for new trial was overruled. Thompson, who had not filed a motion for new trial, was not allowed to base his filing time limits on the motion filed by Peurifoy, and his failure to file his appeal bond within 30 days after rendition of the judgment resulted in dismissal of his appeal. *Peurifoy*, 82 S.W.2d at 625.

In *Neuhoff Bros., Packers v. Acosta*, 160 Tex. 124, 327 S.W.2d 434 (1959), application of the *Peurifoy* rule again resulted in the dismissal of an appeal. The rule then in force required filing of the appeal bond "within thirty days after the date of rendition of judgment or order overruling mo-

tion for new trial ..." TEX.R.CIV.P. 356(a) (Vernon 1985). Plaintiffs filed a motion for new trial within 30 days after rendition of judgment. When the defendants failed to file an appeal bond within 30 days after rendition of judgment, plaintiffs withdrew their motion. Defendants, within 30 days after plaintiffs had withdrawn their motion for new trial, then filed an appeal bond. The Supreme Court held that the plaintiff's filing of a motion for new trial did not extend the period for filing an appeal bond by defendant. *Neuhoff,* 327 S.W.2d at 435.

In *Angelina County v. McFarland,* 374 S.W.2d 417 (Tex.1964) the Court held that an appellant who did not file a motion for new trial was required to file the record in the court of civil appeals within sixty days after the date the judgment was entered, not within 60 days after the date his opponent's motion for new trial was overruled. The issue of timeliness was decided under TEX.R.CIV.P. 386 (Vernon 1985) then in effect, which required an appellant to file the transcript and statement of facts in the court of civil appeals within 60 days after rendition of final judgment or order overruling motion for new trial.

The rule that an appellant must base his appeal on his own actions and cannot rely on the acts of other parties to extend the time during which he must take the required appellate steps has been consistently applied. *See Olivares v. Service Finance Corp.,* 513 S.W.2d 946 (Tex.Civ.App.—San Antonio 1974, no writ); *Perez v. Los Fresnos State Bank,* 512 S.W.2d 796 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.); *South Padre Dev. Co., Inc. v. Realty Growth Investors,* 543 S.W.2d 880 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

In 1981, TEX.R.CIV.P. 356 and 386 were rewritten to provide for an enlargement of time if "any party" filed a motion for new trial. TEX.R.CIV.P. 356 comment 4 (Vernon 1985). This provision was carried forward into the Texas Rules of Appellate Procedure. TEX.R.APP.P. 41(a)(1) and 54(a).

The rule applicable in criminal cases, however, omits the phrase "any party" and

simply provides for an enlargement of the time for perfecting appeal to 90 days "if a motion for new trial is timely filed, ..." TEX.R.APP.P. 41(b)(1). That is, the language of the rule applicable in criminal cases is the same as the language of the rule applicable in civil cases prior to its amendment in 1981 by addition of the phrase "by any party." The same is true of the rule prescribing the time for filing the transcript and statement of facts.

When the Texas Rules of Appellate Procedure were adopted by the Supreme Court and the Court of Criminal Appeals in 1986, Rule 54(a) provided that in civil cases the time for filing the record in the appellate court was 60 days. If "any party" filed a motion for new trial, the time for filing the record was extended to 100 days. Order of April 10, 1986 Promulgating New Rules of Appellate Procedure, 707 S.W.2d XXIX, LXVIII (1986).

By order dated June 16, 1987, the Court of Criminal Appeals purported to adopt and amend Rule 54(a), applicable only to civil cases, allowing 100 days to file the record if "any party" filed a motion for new trial. Order Adopting Amendments to Texas Rules of Appellate Procedure, 733 S.W.2d CXIII, CXV (1987). This "amendment" of Rule 54(a) by the Court of Criminal Appeals resulted in the proclamation of a Rule 54(a) which was identical to the wording of that Rule adopted by both the Supreme Court and the Court of Criminal Appeals in 1986. Order of April 10, 1986 Promulgating New Rules of Appellate Procedure, 707 S.W.2d at LXVIII.

One month later, the Supreme Court, by order dated July 15, 1987, amended Rule 54(a) to extend the time for filing the record from 100 days to 120 days if a timely motion for new trial was filed by "any party." Order Adopting and Amending Texas Rules of Appellate Procedure, 733 S.W.2d XCVIII, CV (1987).

Then, the Court of Criminal Appeals, in an order dated January 9, 1989, "adopted" the Supreme Court's July 15, 1987 amendments to the Rules of Appellate Procedure. Order Adopting Amendments to Texas Rules of Appellate Procedure, 761 S.W.2d

XXXVII (1989). This Court of Criminal Appeals order resolved the conflict between the Supreme Court's order allowing 120 days to file the record in a civil case if a motion for new trial was filed by any party, under Rule 54(a) and the Court of Criminal Appeals order in 1987 that had allowed a 100 day extension in civil cases under Rule 54(a). Both courts now had the same 120 day extension to file the record in a civil case in the appellate court if any party filed a motion for new trial. TEX.R.APP.P. 54(a).

The Court of Criminal Appeals order of January 9, 1989 also amended Rule 54(b), applicable to appeals in criminal cases, to provide that if a motion for new trial is filed the record shall be filed within 120 days after sentence is imposed or suspended. Order Adopting Amendments to Texas Rules of Appellate Procedure, 761 S.W.2d at XLIV. Thus, the time for filing the record was made the same, as far as the number of days is concerned, in both civil and criminal cases. There is still a difference between Rule 54(a) and Rule 54(b), since the former makes the 120 day period applicable, in a civil case, when a motion for new trial is filed "by any party", while the latter makes the 120 day period applicable, in a criminal case, whenever a motion for new trial is filed, omitting "by any party."

It cannot be overlooked that the version of Rule 54(a) embodied in the June 16, 1987, order of the Court of Criminal Appeals provided for an enlargement of time for filing the record in a civil case "if a timely motion for new trial ... has been filed by any party,...." Although the Court of Criminal Appeals was aware that the enlargement of the time for filing the record in civil cases resulted from the filing of a motion for new trial "by any party," it provided for an enlargement of the period for filing the record to criminal cases in which "a timely motion for new trial is filed," rather than in cases where a timely motion for new trial has been filed "by any party." The inclusion of the phrase "by any party" in Rule 54(a) and what must be viewed as a knowing omission of such language from Rule 54(b), must be given some effect.

By two separate orders the Court of Criminal Appeals has demonstrated its knowledge of the difference in the wording of Rule 54(a) and Rule 54(b). This conclusion is inescapable unless we are prepared to entertain the possibility that the Court did not read its orders of June 16, 1987, and January 9, 1989.

We cannot attribute to the Court of Criminal Appeals ignorance of the fact that, at least since the 1935 decision in *Peurifoy v. Wiebusch*, 82 S.W.2d at 625, the rule which had provided for additional time to complete the appellate steps in cases in which "a motion for new trial is filed" was interpreted as providing additional time only to the party filing the motion, and that the purpose of the 1981 amendment to TEX.R.CIV.P. 356 (predecessor to TEX.R.APP.P. 41) was to abolish the *Peurifoy* rule. TEX.R.APP.P. 356 comment 4 (Vernon 1985).

It is clear that the legislature, in enacting article 44.01 of the Code of Criminal Procedure, did not intend to give to the State a general right of appeal coextensive with the right of appellate review enjoyed by one who has been found guilty of a crime. It is also clear that the legislature intended to further restrict the State's right of appeal by requiring the State to perfect appeal within 15 days of the entry of the order which the State seeks to have reviewed, rather than the 30 days available to a defendant who has not filed a motion for new trial.

In providing for an enlargement of time flowing from the filing of a motion for new trial, the Court of Criminal Appeals, as we have already noted, chose, under circumstances which indicate that the choice was deliberate, to use language which throughout the years had been consistently interpreted by the Supreme Court as giving the benefit of the additional time resulting from the filing of a motion for new trial only to the party filing such motion. It chose such language knowing that in 1981 the Supreme Court overturned such holdings by simply adding the words "by any

party" to the provision giving additional time where a motion for new trial is filed. The refusal by the Court of Criminal Appeals to grant the State additional time where defendant has filed a motion for new trial is easily understood. Insofar as appeal by the State is concerned, the filing of a motion for new trial is irrelevant unless the trial court grants the motion. It is only when the motion is granted that the State's right to appeal comes into existence.

 The purpose of granting additional time where a motion for new trial is filed in a civil case is to avoid the danger that by the time the motion is overruled the period during which the appeal must be perfected will have expired. In many cases the same would be true of the 60–day period during which the record must be filed in the appellate court. None of these possibilities present problems where the State is appealing in a criminal case. Except where the appeal is from an order granting a motion for new trial, an appeal by the State suspends the proceedings in the trial court and the trial simply will not proceed to the stage where a judgment of conviction is entered. Absent a final judgment of conviction, a motion for new trial by defendant would be an exercise in futility. Where defendant has been convicted and has filed a motion for new trial which has been granted, the State's timetable begins to run only from the date the order granting the new trial is signed. An enlargement of time is not required, since the State is free to proceed with its appeal as though the appeal was from any other order. The filing of the motion for new trial could have no effect on the timely taking of the required appellate steps by the State. No action by the trial court after granting the new trial can make the appeal by the State ineffective.

For the reasons enumerated above, the filing of a motion for new trial by defendant does not enlarge the time during which the State must perfect its appeal and file the record in the court of appeals. As specifically applicable to this case, Rule 54(b) requires the State to file the record in this Court within 60 days after the order granting defendant's motion for new trial was signed. Motions for extension of time filed more than 15 days after the expiration of the 60–day period were not timely filed.

The State's motions for extension of time are denied.

