**The STATE of Texas, Appellant,**

v.

**John E. STACY, Appellee.**

**Nos. 04-89-00334-CR thru 04-89-00339-CR.**

Court of Appeals of Texas, San Antonio.

Aug. 15, 1990.

Rehearing Denied Sept. 11, 1990.

Discretionary Review Granted Dec. 12, 1990.

Paul J. Goeke, San Antonio, for appellant.

Alger H. Kendall, Dist. Atty., Karnes City, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

OPINION

CHAPA, Justice.

The opinion of this Court dated April 30, 1990, is withdrawn and this opinion is substituted therefor.

This is an appeal from the granting of a new trial by the trial court. In a single point of error, the State alleges that the trial court erred by granting appellant's motions for new trial on the basis of insufficiency of the evidence because the evidence was sufficient to sustain the conviction.

Appellee was indicted by the Frio County Grand Jury for the offense of aggravated sexual assault of a child. A total of six separate indictments were returned by the grand jury. In each of the six cases, the transcript reveals that appellee and his attorney signed and filed a written plea of

guilty and jury waiver, wherein he indicated his understanding of all his rights and the consequences of the pleas of guilty. The written pleas of guilty and jury waivers are signed by the trial judge, who indicated his satisfaction that the appellee understood each and every provision of the instrument, that the appellee was represented by able counsel, and that he accepted and granted the appellee permission to waive all the rights and enter the pleas. The transcripts further contain written waivers of the appellee's right to be confronted by the witnesses against him and consent to stipulations of testimony and other matters signed by the appellee and his attorney and also approved by the trial court. The written waivers and consents to stipulations have police reports and statements of the complainant children attached thereto, which contain sufficient evidence to sustain the conviction of the charges in the indictments. Appellee was found guilty by the court and sentenced to six (6) years' in the Texas Department of Corrections for each offense. The transcripts also contain judgments of conviction signed by the trial judge which provide in part:

1) that the appellee was arraigned and both parties announced ready for trial;

2) that the appellee, his attorney, and the state agreed in writing in open court to waive a jury and to submit all matters of both law and fact to the court;

3) that the indictment was read, the appellee plead "Guilty" thereto, was admonished by the court of all the consequences of the plea, and persisted in his plea;

4) that the appellee was sane, was uninfluenced in any manner "to confess his guilt", and that the court received the plea and entered the same of record in the minutes of the court as the plea of the appellee;

5) that after having heard the indictment read, the plea of the appellee, the evidence of the state, the argument of counsel, the court "finds that the State of Texas has introduced legal and competent evidence into the record in this cause which shows that the [appellee] is guilty as charged in the indictment in this cause beyond a reasonable doubt;"

6) that the court finds that no evidence was obtained in violation of the Constitution or laws of the State of Texas or the United States, that "the said evidence is sufficient under the law to support the plea of "Guilty" by the [appellee], and said evidence being accepted by the Court as the basis for its verdict and judgment, the Court is of opinion and so finds that the [appellee] is guilty as confessed by him of the offense indicted above [Aggravated Sexual Assault of a Child], the same being a felony;" and

7) the court then decrees that the appellee is guilty of Aggravated Sexual Assault of a Child, and sentences the appellee to confinement for 6 years.

The transcripts further reflect that, thereafter, the appellee filed motions for new trial, challenging the sufficiency of the evidence to support his convictions. The motions for new trial were granted on June 22, 1989, from which the State now appeals.

The Austin Court of Appeals recently dealt with this identical issue in *State v. Daniels*, 761 S.W.2d 42 (Tex.Crim.App. 1988, pet. ref'd). In setting out the standard of review applicable to the trial judge in the process dealing with a motion for a new trial under these circumstances, the court stated:

From these authorities, this Court concludes that a motion for new trial based on insufficiency of the evidence presents a legal rather then a factual question, and the trial court must apply the same legal test employed on appeal. That is the trial court must decide, after viewing the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex.Cr.App.1983) (opinion on rehearing). If the evidence meets this standard, it is an abuse of discretion

for the trial court to grant the motion for new trial.

*State v. Daniels* at 45.

The State contends that the trial court abused its discretion in granting new trials, as the evidence was sufficient as a matter of law to support the convictions for the alleged offenses. However, no statement of facts is properly before this court.[1] Since the appellant, in this case the State, has the burden of presenting to this court a record which reflects the error complained of, the issue then is whether the State has carried out its burden. TEX.R.APP.P. 50(d).

The Texas Code of Criminal Procedure requires that there be sufficient evidence to support a plea of guilty. This may be accomplished in a number of ways, one being by written stipulations. TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977). "[A] judicial confession is alone sufficient to sustain a conviction on a guilty plea under Art. 1.15, V.A.C.C.P." *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Crim.App. 1978).

"The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts." TEX.R.APP.P. 50(a). This court therefore, can consider the transcripts filed in these causes for purposes of the appeal, although the statements of facts may not be considered under these circumstances. The transcripts here include written stipulations of testimony, evidence of a judicial confession, and the trial court's judgment hereinabove described.

■ "Absent an affirmative showing to the contrary, the presumptions of the regularity of the judgment controls." *Vega v. State*, 707 S.W.2d 557, 559 (Tex. Crim.App.1986) (en banc) (opinion on rehearing). Recitals in the trial court's judgment will not be set aside unless the record affirmatively reflects the recitals are in error. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (en banc) (opinion on rehearing). The judgments here clearly recite that "the State of Texas has introduced legal and competent evidence into the record in this cause which shows that the [appellee] is guilty as charged in the indictment in this cause beyond a reasonable doubt", that "the said evidence is sufficient under the law to support the plea of "Guilty" by the [appellee] ...," and that the court "finds that the [appellee] is guilty as confessed by him of the offense indicated above [Aggravated Sexual Assault of a Child], the same being a felony." There is no affirmative showing in the records that the court's recitals are in error. Further, the transcripts contain stipulated testimony and other reports which sustain the recitals of the judgment and are also sufficient to sustain the pleas of guilty beyond a reasonable doubt.

We hold that the state has carried its burden of establishing that the trial court abused its discretion in granting the new trials. Also, the transcripts contain sufficient evidence for any rational trier of fact to find the essential elements of the offenses beyond a reasonable doubt.

In it's appellate brief, the State prays that the order of the trial court granting a new trial be vacated and the verdict and sentence of the court be reinstated. Accordingly, the order of the trial court granting a new trial is set aside and the judgment of the court is reinstated.

---

1. The state gave notice of appeal within the time required by TEX.R.APP.P. 41(b)(1). Although the transcripts were timely filed, the statements of facts and the requests for extensions of time to file the statements of facts were not timely filed. TEX.R.APP.P. 54(c). Consequently, this court denied the late motions of the state for extensions of time to file the statements of facts. *See State v. Stacy*, No. 04–89–00334–CR thru 04–89–00339–CR (Tex.App.—San Antonio, Jan. 3, 1990) (unpublished). Therefore, no statements of facts are properly before this court.