The STATE of Texas, Appellant,

v.

C.W. DANIELS, Appellee.

Nos. 194–90 to 199–90.

Court of Criminal Appeals of Texas, En Banc.

April 10, 1991.

Michael R. Latimer, San Antonio, for appellee.

Alger H. Kendall, Jr., Dist. Atty., Karnes City, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

The State seeks reversal of the court of appeals' order overruling the State's mo-

tion for extension of time to file the statement of facts. The question presented is one of interpretation of TEX.R.APP.P. 54(b) and 54(c). We must determine how much time the rules provide for the State to file the statement of facts, when the State appeals from an order granting a motion for new trial.

Appellee, a County Commissioner of Wilson County, was convicted by a jury on December 22, 1988 of six counts of official misconduct and misapplication of property. On January 24, 1989 the trial court assessed punishment at ten years probation on counts 194–90, 195–90, 196–90 and 199–90, and six months on counts 197–90 and 198–90. The court's judgment was signed on February 15, 1989, at which time the court granted appellee's motion for new trial. The State filed notice of appeal, pursuant to Tex.Crim.Proc.Code art. 44.-01(a)(3), on February 28, 1989. The order granting a new trial was signed on March 10, 1989. The State filed a motion for extension of time to file the statement of facts on May 26, 1989, 77 days after the order granting a new trial was signed. The Fourth Court of Appeals denied the State's motion for extension, "because the motion[ ] for extension [was] not filed within the time prescribed by TEX.R.APP.P. 54(c)." *State v. Daniels*, 783 S.W.2d 691 (Tex.App.—San Antonio 1989). We granted the State's petition in order to determine whether the court of appeals properly construed the TEX.R.APP.P. 54(b) and 54(c) time limits for filing the statement of facts, when the State is appealing the grant of a defendant's motion for new trial. TEX.R. APP.P. 200(c)(4).

We conclude that the court of appeals has misconstrued the time limits applicable to the State under Rule 54(b). We will reverse.

Rule 54(b) sets the timetable for filing statements of facts in criminal appeals. It provides:

(b) **In Criminal Cases—Ordinary Timetable.**

The transcript and statement of facts shall be filed in the appellate court within sixty days after the day sentence is imposed or suspended in open court or the order appealed from has been signed, if a motion for new trial is not filed. If a timely motion for new trial is filed, the transcript and statement of facts shall be filed within one hundred twenty days after the day sentence is imposed or suspended in open court or the order appealed from has been signed.

Rule 54(c) sets the time limits for filing motions for extension of time to file the statement of facts. It provides:

(c) **Extension of Time.**

An extension of time may be granted for late filing in a court of appeals of a transcript or statement of facts, if a motion reasonably explaining the need therefor is filed by appellant with the court of appeals not later than fifteen days after the last date for filing the record. Such motion shall also reasonably explain any delay in the request required by Rule 53(a).

The State argues that the language of the rule is clear and unequivocal. The statement of facts must be filed within 60 days, regardless of which party files; unless a motion for new trial is filed (necessarily by the defendant), in which case the time limit is 120 days, also regardless of which party files. Rule 54(b) now applies to the State as well, and by its plain terms provides a 120 day time limit whenever a motion for new trial is filed. See *Hernandez v. State*, 776 S.W.2d 598 (Tex.App.—Tyler 1989). Thus, under Rule 54(c), the "last date for filing the record" is the 120th day, whenever a motion for new trial is filed, regardless of which party is appealing. Since the State filed its motion for extension of time on the 77th day, the court of appeals erred in denying the motion.

Appellee counters that the 60 day limit of Rule 54(b) should apply to the state when it appeals the grant of a motion for new trial. He argues that this Court should be guided by the decisions in similar civil cases. He cites *Peurifoy v. Wiebusch*, 125 Tex. 207,

82 S.W.2d 624 (1935, opinion adopted), for the rule that in civil cases an appellant cannot rely on the actions of his opponent in meeting the requirements of the appellate timetable. Appellee concedes that the *Peurifoy* rule has been eliminated by TEX.R.APP.P. 41(a)(1) and 54(a). Both rules now allow for an enlargement of time limits when a motion for new trial is filed "by any party." Appellee recognizes that the Texas Supreme Court has expressly eliminated the *Peurifoy* rule through integrated TEX.R.APP.P. 41(a)(1) and 54(a). He argues that since this Court must be aware of the *Peurifoy* rule and the Texas Supreme Court's actions, and since this Court has not amended Rule 54(b) to add the phrase "by any party" as was done in Rule 54(a), this Court must have intended not to allow an enlargement of time when the State appeals a motion for new trial.

The court of appeals agreed with appellee's reasoning that "[t]he inclusion of the phrase 'by any party' in Rule 54(a) and what must be viewed as a knowing omission of such language from Rule 54(b), must be given some effect." *Daniels*, supra at 694. Giving it effect, the court of appeals held that "the filing of a motion for new trial by defendant does not enlarge the time during which the State must perfect its appeal and file the record in the court of appeals." *Id.* at 695. The court found that Rule 54(b) requires the State to file the record within 60 days after the order granting defendant's motion for new trial was signed. *Id.*

We find that the court of appeals has misconstrued the plain text of TEX.R.APP.P. 54(b), and has incorrectly interpreted the differences between the civil and criminal subsections of Rule 54.

The phrase "by any party" is not included in Rule 54(b) for only one reason—such language is completely unnecessary. A motion for new trial in a criminal case will always be filed by the defendant. TEX.R.APP.P. 30. Any rule that refers to a motion for new trial in a criminal case, will always refer to a motion by the defendant.

Thus, we reject the reasoning of the court of appeals.

Looking at the text of Rule 54(b), we cannot say that it is ambiguous. We recognize that Rule 54(b) was in place prior to the amendment to Article V, § 26 of the Texas Constitution, which gave the State the right to prosecute appeals in criminal cases "as authorized by general law." See Tex.Crim.Proc.Code art. 44.01. Nevertheless, the change in the law as to the State's right to appeal did not render Rule 54(b) either ambiguous or unintelligible. Although there may be no policy reason whatsoever for enlarging the appellate timetable for the State when the defendant files a motion for new trial, we cannot interpret the rule other than according to its plain text. Under that interpretation, the State is entitled to 120 days to file the statement of facts when appealing the grant of a motion for new trial.

In the instant case, the State filed its motion for extension of time to file the statement of facts 77 days after the order was signed. Thus, the State's motion was filed within the time allowed under Rule 54(c), and it was error for the court of appeals to deny the State's motion for extension of time.

The judgment of the court of appeals is reversed and the cause remanded for proceedings not inconsistent with this opinion.

CLINTON, Judge, dissenting.

The State's petition for discretionary review in this cause seeks reversal of an order overruling its motions for extension of time to file a statement of facts. The question presented is one of interpretation of Tex.R.App.Pro., Rules 54(b) and 54(c), to determine how much time those rules provide the State to file the statement of facts when the State appeals from an order granting a defendant's motion for new trial.

Appellee in these six cases is a County Commissioner of Wilson County. He was convicted by a jury on December 22, 1988,

on six counts each of official misconduct and misapplication of fiduciary property. Punishment was assessed by the trial court on January 24, 1989, although the court's judgment was not signed until February 15, 1989. Appellee filed a motion for new trial, also on February 15, 1989, which was granted. The order granting the new trial was signed March 10, 1989. The State filed its motions for extension of time to file the statement of facts on May 26, 1989, 77 days after the order was signed granting a new trial. The Fourth Court of Appeals denied the State's motions for extension, stating that it was doing so "because the motions for extension of time were not filed within the time prescribed by TEX.R. APP.P. 54(c)." *State v. Daniels,* 783 S.W.2d 691 (Tex.App.—San Antonio 1989). We granted the State's petition in order to determine "the last date for filing the record" for purposes of Rule 54(c), supra, when the State is appealing the granting of a defendant's motion for new trial. Tex.R. App.Pro., Rule 200(c)(2) & (4).

## I.

Rule 54(b), supra, reads as follows:

(b) **In Criminal Cases—Ordinary Timetable.**

The transcript and statement of facts shall be filed in the appellate court within sixty days after the day sentence is imposed or suspended in open court or the order appealed from has been signed, if a motion for new trial is not filed. If a timely motion for new trial is filed, the transcript and statement of facts shall be filed within one hundred twenty days after the day sentence is imposed or suspended in open court or the order appealed from has been signed.

Rule 54(c), supra, reads:

(c) **Extension of Time.**

An extension of time may be granted for late filing in a court of appeals of a transcript or statement of facts, if a motion reasonably explaining the need therefor is filed by appellant with the court of appeals not later than fifteen days after the last date for filing the record. Such motion shall also reasonably explain any delay in the request required by Rule 53(a).

The State argues that the language of the rules is clear and straightforward: the first sentence of Rule 54(b) describes the time limit for filing the record, regardless of who is filing it, when no motion for new trial is filed; the second sentence describes the time limit, regardless of who is filing the record, when a motion for new trial is filed. The sixty day limit, argues the State, applies to whichever party is appealing, but only when there is no motion for new trial. Whenever there is a motion for new trial, the time limit applicable to whichever party prosecutes the appeal is 120 days, by the plain terms of Rule 54(b). See *State v. Hernandez,* 776 S.W.2d 598 (Tex.App.—Tyler 1989, no pet.) Thus, the "last date for filing the record" under Rule 54(c), supra, where a motion for new trial has been filed, is the 120th day, whether it is the defendant or the State appealing.

Appellee counters that because this is a question of first impression, the Court should be guided by the legal reasoning underlying similar decisions in civil cases. The issue, according to appellee, is whether one party may rely on an act of another party to enlarge a time limit in the appellate process. Specifically, appellee claims the issue is whether the time allowed to the State to file the statement of facts in the court of appeals is enlarged from 60 to 120 days by the convicted defendant's filing of a motion for new trial. Citing *Peurifoy v. Wiebusch,* 125 Tex. 207, 82 S.W.2d 624 (1935, opinion adopted); *Neuhoff Bros., Packers v. Acosta,* 160 Tex. 124, 327 S.W.2d 434 (1959); and other civil cases, appellee contends that this question has consistently been answered in the negative in Texas, mandating, in civil cases, that an appellant cannot rely on the actions of his opponent in meeting the requirements of the appellate timetable.

Appellee concedes that this *"Peurifoy rule"* was done away with in civil cases

when the Texas Rules of Civil Procedure were amended, with portions incorporated into the Texas Rules of Appellate Procedure, in 1985 and 1986. Present Tex.R. App.Pro., Rules 41(a)(1) and 54(a), represent a change in the rules governing the time allowed to file the record and to perfect an appeal in civil cases. In each respective rule, the phrase "by any party" was added to the sentence that provides for enlargement of time when a motion for new trial has been filed. The end result is that Rule 41(a)(1), supra, now provides in pertinent part:

"**(a) Appeals in Civil Cases.**

(1) **Time to Perfect Appeal.** When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed *by any party.*" *

while Rule 54(a), supra, now says in pertinent part:

**(a) In Civil Cases—Ordinary Timetable.**

The transcript and statement of facts, if any, shall be filed in the appellate court within sixty days after the judgment is signed, or if a timely motion for new trial or to modify the judgment has been filed *by any party,* within one hundred twenty days after the judgment is signed.

Appellee urges that by making these changes the Texas Supreme Court has specifically provided that any party to a civil appeal may now rely on the filing of a motion for new trial by an opponent to enlarge the time to perfect his appeal and file the statement of facts, expressly changing what had been the law in civil cases prior to the change—that one party could *not* rely on the other party's acts to enlarge the appellate timetable.

Appellee argues that this Court must have been aware of the *Peurifoy* principle that an appellant cannot rely on the acts of his opponent to extend the appellate timetable. Moreover, this Court knew of the amendments incorporated in Rules 41(a) and 54(a), supra, but did not add the "by any party" language to the criminal analogues in Rules 41(b) and 54(b). Because this Court did not add the phrase "by any party," as was done in the civil rules, it must have intended to leave the rule intact for criminal appeals that a party does not receive the benefit of expanded time limits as the result of an action taken by the opposing party. Accordingly, contends appellee, the State's deadline for filing the record in this case should not be expanded to 120 days since it was appellee, not the State, who filed the motion for new trial.

The court of appeals agreed with appellee, reasoning that "[t]he inclusion of the phrase 'by any party' in Rule 54(a) and what must be viewed as a knowing omission of such language from Rule 54(b), must be given some effect." *Daniels,* supra, at 694. Giving it effect, the court of appeals held that "the filing of a motion for new trial by defendant does not enlarge the time during which the State must perfect its appeal and file the record in the court of appeals. As specifically applicable to this case, Rule 54(b) requires the State to file the record in this Court within 60 days after the order granting defendant's motion for new trial was signed." *Id.,* at 695.

In my view, however, although appellee's rendition of the history and import of the "*Peurifoy* rule" may be entirely accurate, it is irrelevant to criminal appeals. A better explanation for why the phrase "by any party" is not to be found in Rules 41(b) and 54(b), both supra, is that only one party— the defendant—will ever have occasion to file a motion for new trial in a criminal case. See Tex.R.App.Pro., Rule 30; former Articles 40.02 & 40.03, V.A.C.C.P. In the criminal context, addition of the phrase "by any party" would simply have no meaning. Any rule that refers to a motion for new trial in a criminal case perforce refers to a motion filed by the defendant. There was

---

* All emphasis supplied.

no cause for either of these rules to refer to "any party" other than the defendant. Manifestly, this Court did not have the so-called "*Peurifoy* rule" in mind when enacting Rules 41(b) and 54(b), both supra, or any subsequent amendments thereto.

Therefore, although I reach the same conclusion as did the court of appeals in this cause, I take a somewhat different tack.

## II.

At the time Rules 41(b) and 54(b) were promulgated, effective September 1, 1986, the State had no right of appeal in criminal cases. See former Article V, § 26, Texas Constitution; former Article 44.01, V.A.C. C.P. Because the State had no right of appeal in criminal cases when the Rules of Appellate Procedure were promulgated, it was unnecessary to draft provisions governing perfecting appeal and filing the record in criminal cases with a view to making any distinction on the basis of which party was prosecuting the appeal. When Rule 41(b) or 54(b) mandated different deadlines depending upon whether a motion for new trial was filed, it was clear that it applied to the defendant alone, since only he could file a motion for new trial, and only he could appeal an adverse judgment in the trial court. The rules were quite clear, and simple in application.

As of November 3, 1987, the State acquired the right, by amendment to Article V, § 26, supra, to prosecute appeals in criminal cases "as authorized by general law." See Acts 1987, 70th Leg., S.J.R. No. 34, § 1. That authorization is contained in current Article 44.01, V.A.C.C.P. See Acts 1987, 70th Leg., ch. 382, p. 1884, § 1, eff. Nov. 3, 1987. This Court has declared that the Rules of Appellate Procedure are applicable to appeals by the State. See Order Adopting Amendments to Texas Rules of Appellate Procedure, eff. July 1, 1989. But with the advent of the State's right of appeal, rules which did and still do apply with clarity when defendants appeal, sud-

denly become ambiguous when the appellant is the State.

Perhaps the State's interpretation of Rule 54(b) is the most plausible given "the literal language of the rule[,]" even if it "does not logically mesh with the purpose of allowing an extended time for filing the record when a motion for new trial has been filed[.]" *State v. Hernandez,* supra, at 599 & 598, respectively. But I agree with the observation of the *Hernandez* court that it serves no purpose to allow the State 120 days from the event it is appealing from, *viz:* the signing of the order granting a motion for new trial, to file a record for appeal. Even the majority today admits that "there may be no policy reason whatsoever for enlarging the appellate timetable for the State when the defendant files a motion for new trial[.]" Maj. op. at 840. Moreover, it seems to me that to do so would be incongruent with the legislative intent, expressed in Article 44.01, supra, that State's appeals, largely interlocutory in nature, be expedited.

Article 44.01(d), supra, provides that in all cases in which the State alone appeals, "[t]he prosecuting attorney may not make an appeal ... later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court." Courts of appeals are directed to "give precedence" on their dockets to such appeals. Article 44.01(f), supra. This Court has construed "make an appeal" to mean to perfect it by giving notice of appeal. Accordingly, we have amended Rule 41(b)(1) to include the parenthetical phrase, "fifteen by the state," so that it now reads:

"(1) **Time to Perfect Appeal.** Appeal is perfected when notice of appeal is filed within thirty (fifteen by the state) days after sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge; except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days after sentence is imposed or suspended in open court."

In so amending the Rule it was our purpose that, in keeping with Article 44.01(d),

supra, the State be afforded no more than fifteen days to perfect its appeal of any order appealable under Article 44.01(a) or (b), including the granting of a motion for new trial. The proviso, beginning with the word "except," and meant to cover situations in which a motion for new trial is filed, contains no parenthetical. The reason is simple. Because the State has no occasion to file a motion for new trial, the proviso will never apply to it. The proviso only operates to enlarge the time for a defendant to file notice of appeal, never the State. We therefore had no cause to amend it to conform with Article 44.01(d), supra.

I would construe Rule 54(b) in like fashion, to provide that only an appealing defendant may ever be entitled to 120 days to file the record for appeal. As originally drafted, of course, the rule did not designate that only a defendant could obtain an enlargement of time for filing the record upon the filing of his motion for new trial. But again, when it was drafted the rule did not have to so designate because at that time only a defendant could appeal. Imbedded in the rule has always been the tacit assumption that whether to enlarge the time for filing the record depends upon whether *the party who is appealing* has filed a motion for new trial. It is just that, before the State acquired the right of appeal, there was no reason for the rule explicitly to say so. In my view, whether the time limit under the first or second sentence of Rule 54(b) will apply depends upon whether *the party appealing* has filed a motion for new trial.

Only a party who is both seeking a motion for new trial and contemplating an appeal in the event his motion for new trial does not succeed will ever need an extension of the appellate timetable. In a criminal case only the defendant fits this criterion. A defendant has thirty days following the date sentence is imposed or suspended in open court to decide whether to file a motion for new trial. Tex.R.App.Pro., Rule 31(a)(1). Once he files his motion for new

trial, the trial court may wait up to 75 days from the date of imposition or suspension of sentence to rule upon it. Rule 31(e)(1) & (3), supra. Until the 75th day the defendant need not yet have decided with certainty whether to appeal. Accordingly, Rule 41(b), supra, provides a defendant 90 days from the date of imposition of sentence, which guarantees him at least fifteen days after expiration of the 75th day, to file his notice of appeal. In providing a defendant 120 days after sentence is imposed to file the record, Rule 54(b), supra, likewise guarantees him at least 45 days after expiration of the 75th day to file the record for appeal.

The State needs no such enlargement of time when a motion for new trial is filed. Once prosecution has proceeded to the point that sentence has been imposed or suspended in open court, unless and until a motion for new trial may be granted, the State ordinarily has no cause to appeal. If a motion for new trial is granted, the State should need no more than 60 days from this appealable event to file the record for appeal—the same period allotted to a defendant who files no motion for new trial, and thus has no need for an enlargement of time. To allow the State more would serve no purpose, but would only thwart the Legislature's manifest will that State's appeals be expedited. Article 44.01(d) & (f), supra.

For this reason I would reject the State's construction of Rule 54(b), supra, and hold that under that provision, only if the appealing party is the one who has filed a motion for new trial may he avail himself of 120 days from the appealable event to file the record for appeal. Because the State will never have occasion to file a motion for new trial, of course this means that only the first sentence of Rule 54(b), supra, providing for 60 days to file the record, will ever apply to State's appeals. Thus I would disapprove of the Tyler court's decision in *State v. Hernandez,* supra.

The majority sees no ambiguity in the "plain text" of Rule 54(b), supra, and holds

accordingly. But as in the construction of statutes, we should construe one of our own rules, "whether or not [it] is considered ambiguous on its face," according to, *inter alia,* "the object sought to be attained;" "the circumstances under which the [rule] was enacted;" and "consequences of a particular construction[.]" V.T.C.A. Government Code, § 311.023. Especially since the Legislature has expressed an intent that State's appeals be expedited, we should not construe Rule 54(b) to enlarge the appellate timetable "for no policy reason whatsoever[.]" Op. at 840.

### III.

The State filed its motions for extension of time 77 days after the trial court signed the order granting appellee's motion for new trial. This came seventeen days after expiration of the 60 days within which the State was required to file the record for appeal, under Rule 54(b), supra, as I would construe it, and 2 days beyond the deadline for filing a motion for extension of time for filing the record, under Rule 54(c), supra. Therefore, although I reject its precise reasoning, particularly its reliance upon civil precedent, I conclude the court of appeals did not err in its ultimate conclusion that the State's motions were untimely.

Accordingly, I would affirm the judgment of the court of appeals. Because the majority does not, I respectfully dissent.