John E. STACY, Appellee,

v.

The STATE of Texas, Appellant.

Nos. 1070–90 to 1075–90.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 13, 1991.

Rehearing Denied Dec. 11, 1991.

Paul J. Goeke, San Antonio, for appellant.

Alger H. Kendall, Jr., Karnes, City and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Upon his pleas of guilty appellee was convicted of six different offenses, three times for sexual assault of a child and three times for indecency with a child. On May 25, 1989, sentence was imposed at six years confinement for each offense, to run

concurrently. Judgments were signed on June 1, 1989. Appellee filed motions for new trial contending the evidence had been insufficient to support the judgments under Article 1.15, V.A.C.C.P., and on June 22, 1989, the trial court signed an order in each cause granting new trials on that basis. The State filed timely notice of appeal on July 5, 1989, and the transcript was filed, also in a timely manner, on August 16, 1989. On October 6, 1989, the State filed a partial statement of facts, along with a motion for extension of time to file the balance, giving problems with a change of court reporter as the reason the extension was needed. On December 4, 1989, the State filed a motion for leave to file a complete statement of facts. In an unpublished opinion delivered on January 3, 1990, the court of appeals denied the State's motion for extension of time to file a completed statement of facts, reasoning that the motion had been untimely filed. For this proposition the court of appeals cited its recent opinion in *State v. Daniels*, 783 S.W.2d 691 (Tex.App.—San Antonio 1989).

On August 15, 1990, the court of appeals issued an opinion on the merits of the State's appeal. The court held, in a published opinion, that even without the statement of facts it could determine that the trial court erred to grant appellee's motions for new trial on the basis of insufficient evidence to support the judgments. *State v. Stacy*, 796 S.W.2d 520 (Tex.App.—San Antonio 1990). Relying upon recitations in the judgments that "the State of Texas has introduced legal and competent evidence into the record in this cause which shows that the [appellee] is guilty as charged in the indictment," and that "the said evidence is sufficient under the law to support the plea of 'Guilty' by the [appellee] ...," and invoking the presumption of the regularity of judgment recitals in the absence of an affirmative showing to the contrary, see, e.g., *Vega v. State*, 707 S.W.2d 557, 559 (Tex.Cr.App.1986) (Opinion on rehearing), the court of appeals held the State had met its burden to establish abuse of discretion in granting appellee's motions for new trial.

In his petition for discretionary review appellee complains that the court of appeals erred in finding the evidence sufficient absent a statement of facts. He argues that it is the burden of the party appealing to present a record in the appellate court sufficient to show reversible error by the trial court, see Tex.R.App.Pro., Rule 50(d), and that absent a statement of facts the court of appeals could not conclude that the trial court erred to grant his motions for new trial. We granted appellee's petition in order to examine the apparent anomaly in having the State benefit from its failure to obtain a complete record for appeal, and to consider appellee's further contention that, in any event, the trial court's order granting his motion for new trial was itself a sufficient showing to defeat any presumption of regularity in the judgment recitals.

■ Since we granted the petition in this cause, however, this court has rendered an opinion in *State v. Daniels*, 806 S.W.2d 838 (Tex.Cr.App.1991). There we held that, according to the "plain text" of Tex.R.App. Pro., Rule 54(b), the State shall have 120 days from the date an order granting a defendant's motion for new trial to file the statement of facts for appeal. Under Rule 54(c), supra, the State will have an additional fifteen days to file a motion for extension of time. The court of appeals in the instant cause erred to hold that the State's partial statement of facts was untimely filed, and that its motion for extension of time to file the remaining portion was similarly untimely. Both were filed on October 6, 1989, 110 days after the motions for new trial were granted on June 22, 1989. Thus, both were timely under our holding in *Daniels*.

■ Rather than decide whether the court of appeals erred to hold the evidence sufficient to support a guilty plea under Article 1.15, supra, absent a statement of facts, we remand the cause to the court of appeals to consider whether to grant the State's timely filed motion for extension of time to file the statement of facts, and if it does grant the motion, to reconsider the State's appeal on the basis of a complete

record. Should the court of appeals exercise its discretion to deny the motion for extension of time, and persist in its present holding that the evidence is sufficient even in the absence of a statement of facts, appellee may reiterate his present claims in a new petition for discretionary review. Should the court of appeals grant the motion for extension of time and decide the question of sufficiency on the basis of a complete record, however, the present controversy will become moot.

■■■ Accordingly, the judgment of the court of appeals is vacated and the cause is remanded to that court for further consideration and disposition not inconsistent with this opinion.*

BAIRD, Judge, dissenting.

Finding myself in disagreement with the majority of this Court, I respectfully dissent. In my opinion the majority errs in remanding this cause to the Court of Appeals for reconsideration of its denial of the State's motion for extension of time.

### I.

On April 11, 1989, Appellant pled guilty and the State offered into evidence State's Exhibit 1 which consisted of a document entitled "Written Waiver and Consent to Stipulations of Testimony and Stipulations," and attached to that document was an offense report prepared by the Frio County Sheriff's Department. The trial court did not enter a finding of guilt and rescheduled the cases for a punishment hearing.

On May 25, 1989, the trial court entered a finding of guilt and assessed punishment at six years confinement in each case. The judgments in each of these cases were signed on June 1, 1989. Appellant filed motions for new trial on June 1, 1989. The trial judge granted appellant's motions for new trial on June 22, 1989.

The State timely filed notice of appeal on July 5, 1989. On August 16, 1989, the State timely filed the transcript with the Court of Appeals. On October 6, 1989, the State filed a partial statement of facts, along with a motion for extension of time to file the missing portions of the statement of facts. On December 4, 1989, the State filed a motion for leave to file a completed statement of facts.

On January 3, 1990, the Court of Appeals issued an opinion denying the State's motions for extension of time to file the completed statement of facts. *State v. Stacy,* No. 04–89–00334–CR thru 04–89–00339–CR (Tex.App.—San Antonio, Jan. 3, 1990) (Not published). On April 30, 1990, the Court of Appeals handed down an opinion setting aside the trial court's orders granting the new trials, and affirming the original judgments of conviction. However, on August 15, 1990, the Court of Appeals withdrew its opinion of April 30, 1990, and handed down another opinion which again set aside the orders granting the new trials and reinstated the original judgments of the trial court. *State v. Stacy,* 796 S.W.2d 520 (Tex.App.—San Antonio 1990).

### II.

On January 3, 1990, when the Court of Appeals held that the State's motion for extension of time was untimely filed, the State did *not* file a petition for discretionary review with this Court.[1] Moreover, when the appellee filed the instant petition for discretionary review, the State failed to file a cross-petition seeking review of the

* The dissent suggests our present disposition is inappropriate in that the State should have been required to petition this Court for redress from the court of appeals' denial of its motion for extension of time to file the statement of facts. But "[o]rdinarily, this Court will not entertain a petition for discretionary review from an interlocutory order of the Court of Appeals since it does not finally dispose of the case in that court." *Measeles v. State,* 661 S.W.2d 732, 733 (Tex.Cr.App.1983).

1. The majority cites *Measeles v. State,* 661 S.W.2d 732 for the proposition that this Court will not entertain a petition for discretionary review from an interlocutory order of the Court of Appeals. Op. pg. 862, n *. However, I find *Measeles* to be distinguishable. The court of appeals in *Measeles* entered an "order" abating the appeal and the State appealed. Whereas in the case at bar, the Court of Appeals decision of January 3, 1990, is an "opinion" which did not abate the appeal. *State v. Stacy,* 796 S.W.2d 520, 522 n. 1 (Tex.App.—San Antonio 1990).

January 3, 1990, decision. Tex.R.App. P. 200(c)(4). *Haughton v. State*, 805 S.W.2d 405, 407 n. 1 (Tex.Cr.App.1990).

The State's failure to seek review by this Court is significant because the identical issue was raised in *State v. Daniels*, 806 S.W.2d 838 (Tex.Cr.App.1991). In *Daniels* the trial court granted the defendant's motion for new trial and the State appealed. However, the State was unable to file a complete statement of facts within the time frame imposed by rule 54(b) Tex.R.App.P., as interpreted by the Court of Appeals, and the Court of Appeals affirmed the trial court's order granting the new trial. *State v. Daniels*, 783 S.W.2d 691 (Tex.App.—San Antonio, 1989). The State then sought review by this Court.

*Daniels* is significant not only because it involved the same issue, it also involved the same Court of Appeals and the same District Attorney. Had the State sought our review, we could have reviewed the Court of Appeals' decision, addressed the issue and provided relief to the State, just as we did in *Daniels*, 806 S.W.2d 838.

In this case, the State elected not to seek review of the January 3, 1990, decision. However, the majority, without a request from either party, remands these cases to the Court of Appeals to consider whether to grant the State's timely filed motion for extension of time to file statement of facts. Op. at 861–62. Because the State failed to raise the issue before this Court, we should not now render a decision based upon that issue.

### III.

The only issue properly before this Court is the one upon which we granted review; that is, whether "the Court of Appeals erred in holding that a sufficiency of the evidence question can be reviewed on appeal in the absence of a statement of facts." The Court of Appeals analyzed the sufficiency of the evidence without a complete statement of facts. Rather, the decision was based solely upon the documents contained in the transcripts; that is, the indictments, plea papers and stipulations of evidence, and the judgments and sentences.

The Court of Appeals invoked the presumption of regularity, reviewed the pre-printed judgments and sentences and found the evidence sufficient. *State v. Stacy*, 796 S.W.2d 520, 522 (Tex.App.—San Antonio 1990). The presumption of regularity has been described as: "[A] cardinal rule of appellate procedure in this State that [requires the Court to] indulge every presumption in favor of the regularity of the proceedings and documents in the lower Court." *McCloud v. State*, 527 S.W.2d 885, 887 (Tex.Cr.App.1975). Additionally, we "will indulge every presumption in favor of the regularity of the documents in the trial court," *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Cr.App.1984), and "the formal judgment of the trial court carries with it a presumption of regularity and truthfulness, and such is never to be lightly set aside." *Id.*

While the presumption of regularity is a sound judicial construct, *Vega v. State*, 707 S.W.2d 557, 559 (Tex.Cr.App.1986) (opinion on reh'g), employing it here is shear folly. The trial court granted appellant's motion for new trial which was premised on Rule 30(b)(9) Tex.R.App.P. which provides that a new trial *shall* be granted where the evidence is contrary to the law and evidence. The granting of a new trial restores the case to its position before the former trial and the prior conviction shall not be regarded as a presumption of guilt. Rule 32, Tex.R.App.P. Accordingly, when the trial court ordered the new trials, the judgments of conviction were set aside and the presumption of regularity was negated. Stated another way, when the trial court ordered the new trials, there was a *presumption of irregularity*, because there had been a judicial finding that the convictions were obtained in violation of Rule 30(b) Tex.R.App.P., which provides when a new trial *shall* be granted.

When the State appeals pursuant to Tex. Code Crim.Proc.Ann. art. 44.01(a)(3), the issue is whether the trial court abused its discretion by ordering a new trial. *State v. Lyons*, 812 S.W.2d 336 (Tex.Cr.App.1991). Without a sufficient statement of facts, required by Rule 50(d) Tex.R.App.P., an

appellate court cannot determine if a trial court abuses its discretion in granting a new trial. To hold otherwise would allow the State to prevail on every appeal prosecuted under Tex.Code Crim.Proc.Ann. art. 44.01(a)(3) by not carrying its burden under Rule 50(d) Tex.R.App.P. In other words, in every instance where the trial court grants a new trial, the State can fail to provide a statement of facts and the appellate court will set aside the order granting the new trials based upon the presumption of regularity. Clearly, this cannot and should not be the law of this State; a party should not be able to prevail on appeal by failing to discharge its burden of providing the appellate court with a sufficient record. Rule 50(d) Tex.R.App.P.

### IV.

As previously noted, we granted review to determine if "the Court of Appeals erred in holding that a sufficiency of the evidence question can be reviewed on appeal in the absence of a statement of facts." The majority opinion fails to make that determination, and we must reserve that question for another day. I believe we should resolve the issue(s) before us and not remand the case for reasons not presented by either party.

Since the State failed to carry its burden under Rule 50(d) Tex.R.App.P. or to seek review of the January 3, 1990, decision, the Court of Appeals erred in holding, without the benefit of a statement of facts, that the trial court abused its discretion in ordering new trials. I would reverse the judgments of the Court of Appeals and reinstate the orders by the trial court granting new trials.

With these comments, I respectfully lodge this dissent.