DUVAL COUNTY RANCH COMPANY and Clinton Manges, Appellants,

v.

HARLINGEN NATIONAL BANK et al., Appellees.

No. 1419.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 8, 1979.

C. H. Duvall, Guerra & Duvall, Roma, for appellants.

Jeffrey L. Jackson, Rollins M. Koppel, William S. Dubois, Stiernberg, Skaggs & Koppel, Harlingen, for appellees.

## OPINION

BISSETT, Justice.

The question presented by this appeal is whether the trial court correctly rendered judgment for the plaintiffs on the ground that there has been a breach of the "Stipulation for Entry of Judgment" previously made and signed by all parties. We answer that question in the affirmative.

Harlingen National Bank, Dial M. Dunkin and Charles Shofner, plaintiffs in the trial court and appellees in this Court, brought suit against Duval County Ranch Company, a Texas corporation, which is wholly owned by Clinton Manges, and the said Clinton Manges, individually, defendants in the trial court and appellants in this Court, seeking to recover on certain promissory notes executed by the defendants in favor of the plaintiffs. The undisputed evidence established that the notes in question executed by the defendants came into default.

On November 17, 1976, subsequent to the time said notes came into default, the defendants entered into an Interim Agreement with the plaintiffs, whereby additional collateral was furnished the plaintiffs as security for the payment of the notes. The Interim Agreement further provided for the release of certain stock in First State Bank and Trust of Rio Grande City, Texas, held by Harlingen National Bank as security, only upon defendants' proper performance or non-performance of the Interim Agreement. Made part of the Interim Agreement was an assignment of overriding royalty by the defendants in favor of the plaintiffs to further secure payment of the notes. Later, trouble developed.

A trial was had on October 6, 1977. After hearing evidence, the trial court found

that the plaintiffs were entitled to judgment in accordance with a certain "Stipulation for Entry of Judgment," made and signed by all parties, dated October 6, 1977, and filed among the papers of the cause. The judgment was reduced to writing and filed with the district clerk, but was not, at that time, signed by the trial judge since, as reflected by the Stipulation, all material facts relating to the lawsuit and the liability of the defendants were agreed to. It was particularly agreed and stipulated that the judgment would not be presented to the trial judge for signature nor would same be signed by him or entered by the district clerk except on the occurrence or non-occurrence of certain conditions; but, that upon a finding of the occurrence or non-occurrence of a condition, the judgment would be forthwith signed by the trial judge within three (3) days after the attorneys for defendants would be given written notice of such alleged breach of condition and entered by the clerk.

Included in the conditions, the breach of which would be grounds for the signing and entry of the judgment, is the following:

"2. In the event any regular payments which are presently being received from Houston Natural Gas Company by the Harlingen National Bank, as Trustee pursuant to the aforesaid Assignment, are hereafter suspended, discontinued, or amount to less than Fifteen Thousand Dollars ($15,000.00) per month for a period of ninety (90) days."

On February 17, 1978, the plaintiffs filed a motion for the signing of the judgment by the trial judge and its entry by the clerk of the trial court. With respect thereto, it was alleged:

". . . that regular payments received by THE HARLINGEN NATIONAL BANK as Trustee from Houston Natural Gas Company referred to in the Stipulation have amounted to less than Fifteen Thousand and No./100ths Dollars ($15,000.00) per month for a period of ninety (90) days prior to the time of the filing of this notice . . ."

It was further alleged therein that the attorney for the defendants had been given notice of the filing of such motion, and that within three days after receipt by defendants' attorney of such notice, "Plaintiffs shall present to the Court for signature a Final Judgment in the above entitled and numbered cause the form of which were previously attached to the aforesaid Stipulation as Exhibit 'A' and shall request that the same be forthwith . . . entered by the Clerk of this Court in accordance with said Stipulation."

On February 27, 1978, a hearing was held on plaintiffs' motion. Neither the defendants nor their attorney were present at that hearing. Following the presentation of evidence by the plaintiffs, the judgment, the terms of which had been previously agreed upon by the parties, as aforesaid, was signed by the trial judge as the judgment in the case.

On March 31, 1978, the trial court overruled the defendants' motion for a new trial. The defendants have appealed.

There is no statement of facts in the record concerning either the trial on October 6, 1977, when the Stipulation was made and filed, or the hearing on February 27, 1978, which was had pursuant to the plaintiffs' motion for the signing and entering of the judgment. Findings of fact and conclusions of law were neither requested by the defendants nor made and filed by the trial court as to either proceeding.

The defendants, over objection by the plaintiffs, presented evidence at the hearing on their motion for new trial, which, according to them, refuted the allegations made by the plaintiffs in their motion for the signing and entering of the judgment. A statement of facts as to what transpired at the hearing on the defendants' motion for new trial is part of the record before us.

The defendants complain of the judgment in three points of error. First, they contend that the trial court erred in its interpretation of the above-quoted paragraph of the Stipulation, "which error was the basis for the entry of judgment against appellants." Next, they assert that it was error to ren-

der, sign and enter the judgment because there is no evidence "to show that appellants were in breach of the agreed Stipulation for the Entry of Judgment." Finally, they say that the judgment should be reversed and the cause remanded because the evidence is factually insufficient "to show that appellants were in breach of the agreed Stipulation for Entry of Judgment."

Under rules that are well-established in this State, absent fundamental error, where there is no statement of facts or findings of fact in the record, and where it is established by the record that evidence was presented to the trial judge prior to the rendition of judgment, it must be presumed, as a matter of law, that the trial court found facts which will and do support the judgment. *Guthrie v. National Homes Corporation*, 394 S.W.2d 494 (Tex.Sup.1965); *Armenta v. Nussbaum*, 519 S.W.2d 673 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). We apply that rule to the case at bar.

It is not incumbent upon an appellee to establish in the appellate court that the judgment rendered by the trial court is sustained by the evidence, but the burden is on the appellant to bring to the appellate court a record which reveals reversible error. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.Sup.1968). The defendants did not meet that burden in this appeal.

The defendants apparently contend that even though there is no statement of facts with respect to the evidentiary hearing on February 27, 1978, and the rendition and signing of the judgment on the merits of the lawsuit on the same day, we may, in resolving the points of error presented in this appeal, consider the statement of facts prepared as a result of the hearing on the motion for new trial. This, we cannot do. There is no trial record of the evidence adduced which prompted the trial judge to render and sign the judgment which is under attack. The complaints registered by the defendants in their points of error challenge the judgment, not the overruling of the defendants' motion for new

trial. The evidence presented at the hearing on the motion for new trial cannot be used as a substitute for the evidence introduced at the hearing on the merits of the plaintiffs' motion to have the judgment signed and entered because of an alleged breach of a condition contained in the Stipulation. The points asserted by the defendants wherein they challenge the judgment may not be reached by a statement of facts which pertains solely to the evidence developed at a hearing on their motion for new trial. See *Scoggins v. Scoggins*, 531 S.W.2d 245 (Tex.Civ.App.—Tyler 1975, no writ); *Hughes v. Hughes*, 407 S.W.2d 14 (Tex.Civ.App.—Waco 1966, no writ); *P. & M. Sales Co. v. Kenmore Jewelry Mfg. Co.*, 235 S.W.2d 515 (Tex.Civ.App.—Dallas 1950, no writ).

Fundamental error does not appear in the record. The pleadings support the judgment. The record reveals in this case that the trial judge heard evidence relating to the plaintiffs' motion that there had been such a breach of condition that would entitle them to request the trial judge to render judgment in the form and in the manner agreed upon by all parties on October 6, 1977, when the Stipulation was signed and filed; the record further shows that the judgment which was signed on February 27, 1978, recites that it was "based upon the pleadings and evidence." Since there is no statement of facts which set out the evidence which was presented at the hearing on February 27, 1978, and as findings of facts were not filed, we must, under well-established principles, presume that every fact necessary to support the judgment was proved on February 27, 1978. See 4, Part 1, Tex.Jur.2d, App. & Err.—Civil Cases, § 388. Under the circumstances, we have no choice but to affirm the judgment of the trial court. All of the defendants' points are overruled.

AFFIRMED.