Mathew Benson GREENWOOD,
Appellant,

v.

The STATE of Texas, Appellee.

No. 025–91.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 29, 1992.

W. Troy McKinney, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Roger A. Haseman and Scott A. Durfee, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

PETITION FOR DISCRETIONARY
REVIEW

OPINION

BENAVIDES, Judge.

This is an appeal from a misdemeanor assault conviction. Appellant seeks to set aside his conviction based upon the claim that the evidence presented was insufficient to support a conviction. We granted review to determine whether a defendant can bring a challenge to the legal sufficiency of the evidence to support a conviction upon a partial statement of facts. Answering the question negatively, we affirm.

A jury convicted Appellant of misdemeanor assault and the court assessed punishment at thirty days confinement, probated for one year, and a two hundred dollar fine. The record reflects that Appellant requested only a portion of the record below, limited to the transcription of one witness' testimony from the motion for new trial hearing. In his appeal to the Houston Court of Appeals for the Fourteenth District, Appellant raised numerous points of error, including the sufficiency of the evidence to sustain the conviction. The court of appeals affirmed the conviction.[1]

Under Rule 53(d) of the Texas Rules of Appellate Procedure, a defendant may bring a limited appeal in a criminal case. Appellant argues that because he complied with Rule 53(d), he was entitled to a presumption that all evidence not included in the record was irrelevant to the disposition of the case. We disagree. Rule 53(d) provides:

---

1. *Greenwood v. State,* 802 S.W.2d 10, 13 (Tex. App.—Houston [14th Dist.] 1990).

If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

■ The presumption of Rule 53(d) does not apply to sufficiency challenges. This is because the burden rests on the "appellant or other party seeking review, to show that a sufficient record is presented to show error requiring reversal."[2] In its sufficiency review, a reviewing court bears the responsibility of reviewing the entire record in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] This constitutional mandate is predicated upon the ability of the reviewing court to consider all the relevant evidence in a given case. The presentation of only a partial record makes such a consideration impossible. Because the reviewing court must consider all relevant record evidence and Rule 50(d) requires that the complaining party present sufficient portions of the record to demonstrate error of a reversible nature, the entire record of the trial before the fact finder is necessary to show error when an appellant raises a sufficiency point of error.[4] Thus, Appellant, by limiting his record, did not meet his burden under Rule 50(d).

We also note that other courts have considered this question and similarly determined that a sufficiency challenge cannot be raised with only a partial record. In *Englander Co. v. Kennedy,*[5] the Texas Supreme Court concluded that sufficiency challenges may only be considered upon the presentation of a complete or agreed statement of facts.[6] Following this rationale, the Houston Court of Appeals for the First District interpreted Rule 53(d) and also refused to consider a sufficiency challenge brought with only a partial statement of facts.[7] The court reasoned that to require the appellee to bring up a complete record so as not to suffer the presumption of Rule 53(d) "would unfairly shift the burden of proof in the appeal to the appellee."[8] Likewise, the Dallas Court of Appeals addressed this issue and concluded that where a complaining party attempts to limit an appeal under Rule 53(d) and submits only a partial statement of facts, "he has failed to preserve any of his contentions concerning the sufficiency of the evidence to sustain his conviction."[9]

The holding of the lower court in this case is not only consistent with the previous treatment of other courts on this question, but it also correctly recognizes the purpose of Rule 53(d). Rule 53(d) does not obviate a defendant's evidentiary burden on appeal but simply allows him to designate lesser portions of the record if he desires as long as, by that designation, he can meet his burden under Rule 50(d). We hold that without an agreed or complete statement of facts, an appellate court cannot consider the "facts" of the case to determine whether or not sufficient · evidence exists to support the conviction. Since Appellant, by his reliance on a partial record, cannot meet his burden under Rule

---

**2.** Tex.R.App.P. 50(d) (Vernon 1990); *see also Schafer v. Conner,* 805 S.W.2d 554 (Tex.App.—Beaumont 1991, writ denied), *Alford v. Whaley,* 794 S.W.2d 920 (Tex.App.—Houston [1st Dist.] 1990, no writ).

**3.** *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**4.** *O'Neal v. State,* 811 S.W.2d 219, 221 (Tex. App.—Dallas, 1991, pet. granted).

**5.** 428 S.W.2d 806 (Tex.1968) (per curiam).

**6.** *Id.* at 807.

**7.** *Tapiador v. North American Lloyds of Texas,* 772 S.W.2d 954 (Tex.App.—Houston [1st Dist.] 1989, no writ).

**8.** *Id.* at 955 (citing *Galvin v. Gulf Oil Corp.,* 759 S.W.2d 167, 173 (Tex.App.—Dallas 1988, writ denied)).

**9.** *O'Neal,* 811 S.W.2d at 221.

50(d), he is not entitled to the presumption under Rule 53(d).

Accordingly, the judgment of the court of appeals is AFFIRMED.

CLINTON, Judge, concurring.

*Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968), writ refused n.r.e., upon which several of the cases cited by the majority primarily rely, was not decided under former Tex.R.Civ.App. Rule 413, predecessor to Tex.R.App.Pro. Rule 50(d); indeed, the rule in those terms was not promulgated until December 5, 1983. See Historical Note following former Rule 413. Instead, the Supreme Court addressed former Tex.R.Civ.App. Rule 377(c), which the majority seems to assume is now Tex. R.App.Pro. Rule 53(d). It is not, and *Englander* is not viable for a limited appeal.[1]

1. For the text of germane rules of civil procedure adopted in 1941, see 4 Texas B.J. 487, at 546–547 (1941).

Initially, and in 1968, rule 377(c) dealt with parties designating in writing portions of the evidence they desired the court reporter to include in the statement of facts. In approving the holding below that with only a partial statement of facts a reviewing court "must presume that there was evidence to support the court's findings," the *Englander* court acknowledged contrary interpretations requiring a different result. *Id.,* at 806. Given that presumption of incompleteness, of course a partial statement of facts would not suffice—unless it was an agreed statement made pursuant to former rule 378. Former rule 377a (then still in effect) provided that an appellant intending to produce a partial statement of facts was required to include a statement of the points to be relied upon, and was thus limited to presenting such points; it did not then contain a counter presumption of complete relevance. In *1981* the Supreme Court repealed and moved the substance of rule 377a into rule 377 as subdivision (d), and added the presumption of completeness. See Historical Note following Rule 377 and Rule 377a; Stayton, Analysis of Changes, 4 Texas B.J. 667, at 670 (1941); Advisory Opinions of the Subcommittee on Interpretation of the Texas Rules of Civil Procedure, 5 Texas B.J. 236 (1942); 5 Texas B.J. 428 (1942); 8 Texas B.J. 17 (1942); 8 Texas B.J. 27 (1945); Pope & McConnico, *Practicing Law with 1981 Texas Rules,* 32 Baylor L.Rev. 511, at 512 (1980). Thus the genesis of Tex.R.App.Pro. Rule 53(d) is former rule 377a; it was incorporated into former rule 377(d) in *1981,* and became Rule 53(d) effective September 1, 1986.

While former rules 375, 377 and 378 in Section 2 of Part III dealt with "Record on Appeal," former rule 413 in Section 3 of rules pertaining to "Proceedings in the Courts of Appeals" was directed more to placing upon any party seeking review the burden *to* see that the record presented is sufficient to preserve the error on which that party relies. *Elkins v. Auto Recovery Bureau,* 649 S.W.2d 73, at 76 (Tex.App.— Dallas 1982), writ refused n.r.e., and cases cited therein; *Estate of Arrington v. Fields,* 578 S.W.2d 173, at 177 (Tex.Civ. App.—Tyler 1979), writ refused n.r.e. Deficiencies were correctable in the appellate court pursuant to rules 428 and 429, now Rule 55. See Notes of Decisions following rules 413, 428 and 429.

Nonetheless, as civil cases cited by the majority indicate, some courts have extended and applied Rule 50(b) to nullify the

Whatever the merit of the opinion of the Supreme Court in *Englander* from 1968 to 1981, the fact remains that it is clearly contrary to relevant textual provisions as well as to their design, intent and spirit after 1981. As the Supreme Court recognized in *Escontrias v. Apodaca,* 629 S.W.2d 697 (Tex.1982), "revised Rule 377 ... *permits and encourages shortened records." Id.,* at 699, n. 1. (All emphasis here and throughout is mine unless noted otherwise.) See also *Galvin v. Gulf Oil Company,* 759 S.W.2d 167 (Tex.App.—Dallas 1988), writ denied:

"... *Under prior law,* if an appellant failed to provide sufficient information from the trial court record to allow us to determine whether or not an erroneous ruling caused the rendition of an improper judgment, such failure resulted in a presumption that the omitted material supported the judgment. See *Dennis v. Hulse,* 362 S.W.2d 308, 310 (Tex.1962). *In 1981, the rule was significantly altered to encourage the filing of a partial statement of facts* ... Rule 53(d)...."

*Id.,* at 172. The amended rule requiring a statement of points was "designed to remove the presumption arising from the use of a partial statement [of facts]." *National Surety Corp. v. Rushing,* 628 S.W.2d 90, at 93 (Tex.App.—Beaumont 1981), no writ history. Thus in 1981 the Supreme Court replaced the *Englander* formulation with a presumption in a limited appeal that "nothing from the record is relevant to any of the points specified or to the disposition of the appeal." Former rule 377(d), now Tex.R.App. Pro. Rule 53(d).

practical operation of Rule 53(d). Indeed, based mainly on *Rowlett v. Colortek, Inc.*, 741 S.W.2d 206 (Tex.App.—Dallas 1987), writ denied, most recently *O'Neal v. State*, 811 S.W.2d 219 (Tex.App.—Dallas 1991), PDR granted, also cited by the majority, uses the same rationale to reject all points of error challenging sufficiency of the evidence in a criminal case *viz:*

> "... *Notwithstanding the language of rule 53(d) and its predecessor*, appellate courts have held that, in the absence of a complete statement of facts, appellants who complain of no evidence or insufficient evidence to support the trial court's judgment cannot discharge their appeal cannot be limited where the appellant brings insufficient evidence points of error, because such issues necessarily call the entire controversy into question and require consideration of the *entire* record. *Greenwood*, 802 S.W.2d at 13; *Tapiador*, 772 S.W.2d at 955[.]"

*Id.*, at 221 (emphasis in original).[2]

On the criminal side, under pre–1966 codes of criminal procedure the Court consistently held that without a statement of

**2.** *Greenwood*, supra, of course is the instant cause, and the issue of a limited appeal in a criminal case was believed by the court of appeals to be a question of first impression. *Id.*, at 13. *Tapiador*, supra, determined a motion to reduce the cost bond on appeal in a civil case, which implicates considerations of monetary burdens that are alien to a criminal cause. See *id.*, at 955. As a matter of fact, Rule 53(e) provides in *civil* cases that any party who designates more testimony or other proceeding than is necessary shall be required to pay the costs thereof, regardless of the outcome of the appeal. See *Planet Plows, Inc. v. Evans*, 600 S.W.2d 874, at 877 (Tex.App.—Amarillo 1980), no writ history.

**3.** To the contention that a certain exhibit revealing extraneous offenses was erroneously admitted in evidence, the Court said:

> "At the outset we note that the statement of facts before us is certified only as 'partial' and concludes before us is certified only as 'partial' and concludes with the State resting its case. We are therefore unable to conclude whether the exhibits containing references to extraneous offenses would have been admissible as rebuttal evidence to the appellant's case."

*Id.*, at 346.

Another ground of error was that certain evidence amounted to a comment on the failure of defendant to testify; it was handled thusly:

facts which can be considered the Court could not pass on sufficiency of evidence and certain other matters. See, e.g., *Salyer v. State*, 166 Tex.Crim. 532, 316 S.W.2d 420 (Tex.Cr.App.1958); *Castro v. State*, 379 S.W.2d 906 (Tex.Cr.App.1964); *Daughtrey v. State*, 544 S.W.2d 158, 159 (Tex.Cr.App.1976). Then, notwithstanding the provisions of former article 40.09, paras. 3, 4, 5, 6 & 7, V.A.C.C.P., the Court held that in the absence of the transcription of notes of the court reporter "or an agreed statement of facts" as provided by Article 40.09, the Court cannot pass on the question of sufficiency of the evidence, *Herbort v. State*, 422 S.W.2d 456, at 460 (Tex.Cr.App.1967); and without a complete statement of facts the question of sufficiency of the evidence to sustain the conviction cannot be considered. *Daughtrey v. State*, supra, at 159. Moreover, when presented with a statutorily authorized "partial" statement of facts, Article 40.09, para. 5, the Court found all sorts of reasons to avoid passing on claimed errors. *Beck v. State*, 583 S.W.2d 338 (Tex.Cr.App.1979).[3] In short,

> "Only incidentally we again note that the 'partial' nature of the statement of facts precludes our making a determination *from the record* whether appellant testified. However, we will assume, arguendo, that he did not testify."

*Id.*, at 348 (emphasis in original).

Finally, concerning three grounds challenging sufficiency of evidence to sustain the judgment of conviction, the Court wrote:

> "... As has been repeatedly noted above, the statement of facts in the record before us is certified by the court reporter as being a 'partial' one. The statement of facts concludes with the State resting its case in chief. There is no closing noted by either side, no indication whether any defense evidence was introduced, no indication of possible rebuttal from the State, and no indication of evidence presented at the penalty stage of the trial. Having failed to present this Court with a complete record of the evidentiary aspect of his trial, appellant has failed to preserve any of his contentions concerning the adequacy of the evidence to sustain his conviction.... See *Daughtrey v. State*, Tex.Cr.App., 544 S.W.2d 158; Article 40.09(5); cf. *Holcomb v. State*, Tex.Cr.App., 523 S.W.2d 661."

*Id.*, at 348.

Under Rule 53(d), of course, recitation of all those "negative" aspects is meaningless because of the presumption that "nothing omitted from

despite legislative allowance of a partial statement of facts, the Court was equally hostile to other than a complete or agreed statement of facts.

Against this background and presumptively cognizant of its own prior decisions, as well as those of the Supreme Court, and under specific legislative authority in the premises, this Court adopted and promulgated the Texas Rules of Appellate Procedure along with the Supreme Court. See Orders entered the 10th day of April, 1986. 707–708 S.W.2d XXX and CXII. Having participated in all advisory committee deliberations through its liaison member, reviewed the proposed changes through its internal rules committee, and considered the resultant product *en banc*, manifestly this Court well understood it was accepting for criminal cases many rules that previously governed appellate procedure only in civil cases, and concomitantly taking guidance from authoritative decisions of the Supreme Court construing those rules.[4]

In their law review article cited *ante*, at n. 1, Chief Justice Jack Pope (then Justice) and Steve McConnico justified the 1981 amendments to former rule 377, as follows:

> "Rule 377 was significantly changed to give vitality to the practice that permits ... partial statements of facts. [Formerly] Rule 377 ... failed in its effort to save judge time, counsel time, and court reporter time. Bulging records and bloated costs remained the rule rather than the exception. [Because] one who appealed with a partial record was confronted with the presumption that the rest of the record contained the evidence that supported the judgment[,] [t]he prior rule and appeals with a partial record were ineffective.

> Shortening records should be an affirmative goal for courts and counsel, and that can now be achieved [under Rule 377(d) ].... The underpinnings for the rule are that an appellee may designate any additional parts of the record for inclusion in the statement of facts *so the court really does have all of the evidence on the questioned point.* * * * * *"

*Id.,* at 512 (notes omitted). The writers do urge, however, that points challenging sufficiency of the evidence "should be cautiously handled by a partial statement of facts." *Ibid.* Compare *Escontrias v. Apodaca,* 629 S.W.2d 697 (Tex.1982) (under former rule 377 appealing plaintiffs failed to bring forward record of showing they made at summary judgment hearing by omitting deposition considered by trial court). See *Producer's Construction Co. v. Muegge,* 669 S.W.2d 717 (Tex.1984) (appellant complying with former rule 377(d) entitled to presumption, so partial statement of facts showing trial court proceedings from close of appellees' case in chief through rendition of judgment sufficient to sustain error).

In *Christiansen v. Prezelski,* 782 S.W.2d 842 (Tex.1990), the Supreme Court had occasion to revisit Rule 53(d) in a case where appellant requested only a partial statement of facts, but failed to include in her request a statement of points she would rely on. See *Prezelski v. Christiansen,* 775 S.W.2d 764 (Tex.App.—San Antonio 1989). The Supreme Court explained that the burden under Rule 50(d) to see a sufficient record is presented may be met by one of two alternatives, *viz:*

> "An appellant must either comply with rule 53(d) *or* file a complete statement of facts; otherwise, it will be presumed that

the record is relevant to any of the points specified or to the disposition of the appeal." Thus the respective grounds would stand or fall on the record presented.

4. Thus because Rule 53(a) required appellant to make a written request to the court reporter "designating the *portion* of the evidence and other proceedings to be included" in a statement of facts, Rule 53(b) permitted any other party to request "*additional portions* of the evidence and other proceedings to be included," and Rule

53(d) permits designation of a partial statement of facts, we provided that the court reporter must certify that "the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in the statement of facts[.]" Appendix, Rule 1(b), *id.,* at CXVII–CXVIII. Obviously, this Court anticipated the need to implement Rule 53(d) in criminal cases.

the omitted portions are relevant to the disposition of the appeal. A reviewing court [under rule 81(b)(1) ] must examine the entire record in a case in order to determine whether an error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. [citation omitted]. When an appellant has neither complied with rule 53(d) *nor* filed a complete statement of facts, the reviewing court is unable to ascertain whether a particular ruling by the trial court is harmful in the context of the entire case."

*Id.*, at 843. Given the alternative of a partial statement under Rule 53(d) in lieu of a complete statement of facts, decisions made before 1981 are inapposite and those contrary decisions thereafter based on *Englander* and followings, including those cited by the majority, are incorrect and should not be followed. See discussion of developments and collation of authorities in *Steger & Bizzell v. Vandewater Construction, Inc.*, 811 S.W.2d 687 (Tex.App.—Austin 1991), writ denied.[5]

In this cause, in perfect harmony with the express purposes of the Rule 53(d) reprised by Chief Justice Pope *ante*, the court of appeals first found and held that "limited appeals are proper in criminal cases, and that such appeals are to be encouraged, when possible, in the interest of judicial economy." *Greenwood*, 802 S.W.2d, at 11.[6] Accordingly, it proceeded to determine seven points of error presented by appellant. *Id.*, at 11–12. But when it came to the eighth point at issue here, the court of appeals reverted to the passe' *Englander* formulation to conclude that "an appellant must bring forward the en-

tire record if he wishes to urge an insufficient-evidence point." *Id.*, at 12–13.

Because there was no such exception provided in former rule 377(d) as rewritten in 1981, nor is any such provided in Rule 53(d), and for the reasons given *ante*, the court of appeals and the majority here are in error. A partial statement of facts prepared pursuant to respective designations of all evidence deemed relevant by the parties in compliance with Rule 53(d) will serve to present an evidentiary sufficiency question to the reviewing court, and we should so hold.

In this cause appellant made a written request to the court reporter purportedly "pursuant to Rule 53(d)" designating "only the testimony of Marilyn Sachs from the Motion for New Trial hearing," and then enumerating ten points of error upon which he would rely on appeal. Tr. 103–104. As it turned out, he presented eight points, seven dealing with jury misconduct the court of appeals found constituted "a proper limited appeal under Rule 53;" the eighth (tenth point in his designation), claiming that "[t]he evidence was insufficient to sustain the conviction," was overruled for lack of a "statement of facts from the trial." *Greenwood*, supra, at 11, 13. Rather than say, notwithstanding Rule 53(d), that an appellant who states an insufficiency point of error must bring up a "complete statement of facts," I would hold that appellant's effort to comply with Rule 53(d) with respect to his eighth point of error in the court of appeals did not succeed.

An appellant who intends to complain of insufficient evidence to support the judgment but designates only portions of evi-

---

**5.** The notion that operation of Rule 53(d) in civil cases may unfairly shift the burden of proof on the appeal to appellee seems based on considerations of costs, e.g., *Rowlett v. Colortek, Inc.*, supra; *Galvin v. Gulf Oil Corp*, supra; *Tapiador v. North American Lloyds*, supra. Surely the Supreme Court took those considerations into account in promulgating and upholding the rule, see note 2, *ante*, and adequate remedies available for prospective abuses are addressed in *Steger & Bizzell v. Vandewater Construction*, supra, at 692.

In any event, the matter of costs to appellee, usually the State, does not loom large in determining burdens in criminal cases.

**6.** Although the State stoutly contested that Rule 53(d) applies in criminal cases, it has not continued its opposition by way of cross petition for discretionary review, and in its brief appears to have accepted that holding for all intents and purposes. My view is that the court of appeals reached the correct conclusion in this respect, and I do not read the majority opinion to suggest that Rule 53(d) is inapplicable—except where sufficiency of evidence is challenged.

dence to be included in the statement of facts pursuant to Rule 53(a) risks application of an adverse appellate presumption that omitted portions are sufficient to support the judgment. Therefore, such an appellant will designate a "complete" statement of facts or opt for a limited appeal under Rule 53(d). To pursue the latter appellant necessarily will identify portions of germane evidence presented to the trier of fact deemed adequate to raise the sufficiency point he then states in his request to the court reporter. See and cf. *Producer's Construction Co. v. Muegge,* 669 S.W.2d 717 (Tex.1984). Rule 53(d) does not *require,* and one can hardly expect his adversary to designate evidence favorable to appellant.

Thus the fallacy in appellant's purported limited appeal is that he designated only a portion of testimony adduced on his motion for new trial—testimony that cannot be used as a substitute for evidence introduced to the factfinder at trial. See *Duval County Ranch Co. v. Harlingen National Bank,* 577 S.W.2d 563, at 566 (Tex.Civ. App.—Corpus Christi 1979), no writ history. Such testimony does not suggest anything one way or another about sufficiency of evidence at trial. Merely including in a statement of points a claim that evidence is insufficient to sustain the conviction will not trigger the presumption that nothing omitted from the record is relevant to the claim.

While the majority is wrong in its treatment of Rules 50 and 53, for reasons stated above the result is right; therefore I join the judgment of the Court.

MILLER, J., joins.

BAIRD, Judge, concurring in part and dissenting in part.

I agree that Tex.R.App.P. 53(d) requires the defendant to provide either an agreed statement of facts or a statement of facts which contains the entire record of the trial *before the fact finder,* in order to challenge the sufficiency of the evidence.[1] The majority's interpretation of the interplay between Tex.R.App.P. 50(d) and Rule 53(d) is consistent with my position in *Stacy v. State,* 819 S.W.2d 860, 864 (Tex.Cr.App. 1991) (Baird, J., dissenting) ("[a] party should not be able to prevail on appeal by failing to discharge its burden of providing the appellate court with a sufficient record."). Therefore, I join the majority's interpretation of Rule 53(d) in situations where the sufficiency of the evidence is challenged. However, I dissent because the majority's disposition is inconsistent with our disposition in *Stacy,* supra.

### I. THE DISPOSITION IN *STACY.*

In *Stacy,* the State appealed the trial judge's order granting Stacy's motions for new trial. See Tex.Code Crim.Proc.Ann. art. 44.01(a)(5). However, the State failed to provide a complete statement of facts for the appellate court to review the trial judge's decision. The Court of Appeals denied, as untimely filed, the State's motions to file a complete statement of facts and delivered its opinion. *State v. Stacy,* 796 S.W.2d 520 (Tex.App.—San Antonio 1990). Shortly thereafter, *in a case of first impression,* we interpreted Tex. R.App.P. 54(b) to provide the State with 120 days, from the date of an order granting a defendant's motion for new trial, to file a statement of facts for appeal. *State v. Daniels,* 806 S.W.2d 838 (Tex.Cr.App. 1991). Therefore, relying on our opinion in *Daniels,* we vacated the judgment and remanded the cases to the Court of Appeals, *without a request from either party.* *Stacy v. State,* 819 S.W.2d at 861 (Tex.Cr.App. 1991).

### II. THE DISPOSITION TODAY.

In the instant case, we granted appellant's petition for discretionary review to interpret Rule 53(d).[2] This being a case of first impression, the majority relies upon

---

1. Unless otherwise indicated, all emphasis herein is supplied by the author.

2. On direct appeal, the Court of Appeals interpreted Rule 53(d) as requiring an appellant to bring forward the entire record in order to

challenge the sufficiency of the evidence and affirmed the judgement of the trial court. *Greenwood v. State,* 802 S.W.2d 10, 13 (Tex. App.—Houston [14th Dist.] 1991).

the interpretations of other appellate courts and, consistent with those holdings, interprets Rule 53(d) as requiring an entire statement of facts.[3] However, rather than remanding the case, the majority affirms the judgment of the Court of Appeals.

The majority should be consistent and remand the case. To affirm the judgment of the Court of Appeals, without first providing appellant an opportunity to pursue his appeal, is, in my opinion, patently unfair. In *Stacy*, we allowed the State to provide the Court of Appeals with a belated statement of facts, even though the State did not request such relief. Whereas, in the instant case, appellant, in good faith and believing to be in full compliance with Rule 53(d), attempted to perfect a limited appeal.[4] Moreover, appellant has specifically requested that we remand the case to the Court of Appeals. I believe a remand is the only fair disposition in such cases of first impression.

We should vacate the judgment and remand the case to the Court of Appeals with instructions to consider appellant's eighth point of error if the appellant timely provides the Court of Appeals with either an agreed statement of facts or a statement of facts which contains the entire record of the trial before the fact finder. Because the majority fails to do so, I dissent.

---

3. Both the Court of Appeals and the State concede that this is case of first impression. *Greenwood*, 802 S.W.2d at 13, State's Appellate Brief on Petition for Discretionary Review, pg. 2.

4. The State concedes that appellant followed the plain language of Rule 53(d).