11th
Court of Appeals

                                                                  Eastland,
 Texas

                                                                        Opinion

 

Abudu Kadiri Alli
d/b/a United Foreign Auto Salvage 

Appellant

Vs.                   No.  11-02-00030-CR -- Appeal from Harris
 County

State
of Texas

Appellee

 

The jury convicted Abudu
Kadiri Alli d/b/a United
Foreign Auto Salvage of the offense of disposing used oil on land, an offense
set out in the Texas Water Code.  See
TEX. WATER CODE ANN. '
7.176(a)(2) (Vernon 2000).  The trial
court assessed his punishment at confinement in the Institutional Division of
the Texas Department of Criminal Justice for a term of 2 years.  The trial court also assessed a fine in the
amount of $5,000.  The trial court
further suspended the imposition of the sentence and placed appellant on
community supervision for 4 years.  We
affirm.

Appellant brings four points of error on
appeal.  Each of the points attack the
sufficiency of the evidence supporting his conviction.  After the submission of this cause on September 18, 2003, this court
discovered that the reporter=s
record filed in this cause did not contain any of the exhibits admitted at
trial.[1]  The clerk of this court contacted the court
reporter regarding the omission of the trial exhibits from the reporter=s record.  The court reporter subsequently filed an
affidavit with this court which stated that appellant was not indigent and that
his retained counsel did not designate the trial exhibits for inclusion in the
reporter=s
record.  This court then issued an order
on December 18, 2003,
which advised the parties that this appeal would be considered without the
trial exhibits unless appellant made sufficient financial arrangements with the
court reporter to file the trial exhibits in this cause in a supplemental
reporter=s
record.  The court=s
order further directed that a supplemental reporter=s
record containing the trial exhibits be filed 
on or before January 15, 2004.  A supplemental reporter=s record containing the trial exhibits
has not been filed.  








TEX.R.APP.P. 34.6(c)(5) provides that the
appellate record must include all of the evidence admitted at trial on the
issue of guilt or innocence and punishment if the appellant in a criminal case
wishes to present a point complaining that the evidence is insufficient to
support a finding of guilt.  In Greenwood
v. State, 823 S.W.2d 660, 661 (Tex.Cr.App.1992), the court stated
that:  A[A]
sufficiency challenge cannot be raised with only a partial record.@

Appellant alleges in his first point of error that
the evidence was legally insufficient to support his conviction because it
failed to establish that he Adirectly
disposed@ of used
oil on land.  In support of this
argument, he contends that there was insufficient evidence of used oil being
present on his property.  He further
argues that the evidence failed to establish that he Adirectly
disposed@ of used
oil on land by his own conduct as opposed to the conduct of some other actor or
intervening agent.[2]   Appellant makes the same Adirect disposal@
argument in his third point of error.  Appellant=s fourth point of error attacks the
factual sufficiency of the evidence supporting his conviction.  Since these points of error attack the
sufficiency of the evidence supporting the jury=s
determination of appellant=s
guilt, he has waived the complaints by his failure to present a complete record
for appellate review.  Appellant=s first, third, and fourth points of
error are overruled.  

In his second point of error, appellant asserts
that the indictment was jurisdictionally defective and that the evidence
offered at trial was legally insufficient to support his conviction.  While the second point of error references an
alleged defect in the indictment, it is essentially a complaint regarding the
sufficiency of the evidence which appellant has waived for the reasons stated
above.  With respect to the alleged
defect in the indictment, appellant asserts that a corporation cannot be
criminally liable for violating the Water Code provision for which he was
convicted.[3]   This argument is misplaced, however, because
the indictment did not charge appellant in a corporate capacity.  Appellant=s
second point of error is overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

February 26, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











    
[1]The
reporter=s record indicates that over 100
exhibits were admitted at trial. 





    
[2]A
similar evidentiary challenge was asserted in L.B. Foster Company v. State,
106 S.W.3d 194, 208-11 (Tex.App. B Houston [1st Dist.] 2003, pet=n ref=d). 
The First Court of Appeals rejected the argument that evidence must be
offered showing that the defendant directly deposited oil on land.  L.B. Foster Company v. State, supra
at 208-11. 





    
[3]The
court rejected the same argument in L.B. Foster Company v. State, supra
at 207-08.