NO. 07-03-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 29, 2005

_____

RAY GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3729; HONORABLE FELIX KLEIN, JUDGE

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Ray Gutierrez was convicted by a jury of delivery of a controlled substance, enhanced, and punishment was assessed at 99 years confinement. Presenting two issues, appellant questions (1) the sufficiency of the evidence

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

to support his conviction and (2) whether he was afforded effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution. We affirm.

On the morning of December 3, 2002, Alex Ojeda, a narcotics officer, met with a confidential informant (CI) to prepare for a controlled buy. He thoroughly searched the CI's car and his person before giving him an audio recording device and $80 to purchase cocaine from appellant. According to the evidence, the CI drove to appellant's trailer house, knocked on the door, and entered. Moments later, both exited and entered the CI's car. They drove to another residence where appellant entered alone, exited shortly thereafter, returned to the CI's car, and drove back to appellant's trailer house. After the CI purchased $80 worth of cocaine from appellant, he proceeded to a predetermined location to meet Officer Ojeda and turn over the cocaine and audio recording.

Appellant maintains by his first issue that the evidence is factually insufficient under article 38.141 of the Texas Code of Criminal Procedure to support his conviction. We disagree.

A defendant may not be convicted of an offense under chapter 481 of the Texas Health and Safety Code on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly for law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense. Tex. Code Crim. Proc. Ann. art 38.141(a) (Vernon 2005). Additionally, corroboration is not

2

sufficient for the purposes of this article if it only shows the commission of the offense. *Id.* at (b).

Although appellant frames his issue as a factual sufficiency challenge, corroboration is not reviewed under that standard. Dennis v. State, 151 S.W.3d 745, 748-49 (Tex.App.–Amarillo 2004, pet. ref'd), citing Cantelon v. State, 85 S.W.3d 457, 460 (Tex.App.–Austin 2002, no pet.). Rather, in reviewing sufficiency of corroboration of testimony of a confidential informant, we eliminate the informant's testimony from consideration and examine the record to see if other inculpatory evidence tends to connect the accused with commission of the offense.[2] Young v. State, 95 S.W.3d 448, 451 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd). The "tends-to-connect" standard does not present a high threshold. *Cantelon*, 85 S.W.3d at 461. We view the corroborating evidence in the light most favorable to the verdict. *Id*.

---

[2]Appellant filed a partial reporter's record containing excerpts of testimony from Officer Alex Ojeda, the confidential informant, a chemist, and a victim's assistant coordinator. A sufficiency challenge cannot be raised with a partial record. *See generally* Greenwood v. State, 823 S.W.2d 660, 661 (Tex.Cr.App. 1992) (interpreting former Rule 53(d), now 34.6(c)(5) of the Texas Rules of Appellate Procedure). Also, appellant did not include a statement of issues to be presented on appeal as required by Rule 34.6(c)(1).

Although appellant's challenge is to the sufficiency of corroboration, a review of all testimony is still necessary. By order dated June 23, 2005, this Court ordered appellant to make arrangements for preparation of the entire reporter's record on or before July 15, 2005. On August 15, 2005, the court reporter filed a motion for extension of time indicating appellant had not yet made arrangements for the supplemental reporter's record. The motion was denied and the appeal proceeded on course. Although appellant's failure to provide the entire record constitutes waiver of his sufficiency complaint, we nevertheless will review the excerpts of Officer Ojeda's testimony to determine whether there is sufficient corroboration of the CI's testimony.

Officer Ojeda testified he thoroughly searched appellant and his car prior to giving him the $80 to make the buy. From an unmarked car, he observed the CI's movements throughout the entire transaction. Other than contact with appellant, the CI was not involved with anyone else. Although Ojeda did not visually observe the transfer of cocaine which occurred in the CI's car, he heard the transaction on the audio recording. Appellant and the CI spoke in Spanish and Ojeda testified to being fluent in Spanish. Specifically, he heard appellant ask the CI how much "soda," which is slang for cocaine, he wished to purchase. He was also able to identify the CI's voice on the audio recording and discern the difference between his voice and appellant's voice. After the transfer, Ojeda observed appellant exit the CI's car. The CI then drove away from appellant's driveway to a predetermined location to hand over the cocaine and audio recording to the officer. Considering the low threshold for meeting the "tends-to-connect" standard, we conclude the evidence presents sufficient corroboration that appellant committed the offense. Issue one is overruled.

By his second issue, appellant raises ineffective assistance of counsel. Specifically, he alleges trial counsel was ineffective for failing to file a motion to disclose the identity of the confidential informant, obtain a ruling on a motion to suppress, and improper investigation of the facts.

A claim of ineffectiveness is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a

4

defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Thompson v. State, 9 S.W.3d 808, 814 (Tex.Cr.App. 1999), citing *Strickland*, 466 U.S. at 700.

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Id.* Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. *See* Andrews v. State, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005). *See also* Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002). Where the alleged derelictions are errors of omission de hors the record rather than commission revealed in the trial record, collateral attack may be the vehicle by which to develop a detailed record of the alleged ineffectiveness. *See* Freeman

v. State, 125 S.W.2d 505, 506-07 (Tex.Cr.App. 2003). *See generally* Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1694 155 L.Ed.2d 714 (2003) (stating that when a claim of ineffectiveness is raised on direct appeal, a trial record is usually not developed for establishing such a claim).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. Where the record is silent, we may not speculate on counsel's performance. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994); Gibbs v. State, 7 S.W.3d 175, 179 (Tex.App.–Houston [1st Dist.] 1999, pet. ref'd). Generally, the record on direct appeal will not be sufficient to show that counsel's conduct was so deficient as to meet the first prong of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the record. *See* Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Where, as here, appellant complains of errors of omission and only a partial reporter's record is presented, we are unable to determine whether counsel's performance was deficient. Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis<br>
Justice

Do not publish.

6