Affirmed
and Memorandum Opinion filed January 4, 2011.

 

 

In
The

Fourteenth
Court of Appeals



NO.
14-09-00871-CR



Stacy Dane
Harmes, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from the County Court at Law
No. 3 & Probate Court

Brazoria County, Texas

Trial Court Cause No. 170737



 

MEMORANDUM OPINION 

Appellant Stacy Dane Harmes
challenges the legal and factual sufficiency of the evidence to support his
conviction for driving while intoxicated.  We affirm.

Background

In August 2009, a Brazoria County jury convicted
appellant of driving while intoxicated and assessed his punishment at one-year
confinement and a $2,000 fine.  On the jury’s recommendation, the trial
court placed appellant on community supervision for a term of twenty-four
months.  Appellant filed a motion for new trial, which the trial court
denied.  Appellant timely filed his notice of appeal.  

In February 2010, this court abated appellant’s
appeal to determine whether appellant desired to pursue his appeal because he
had not filed a brief.  The trial court conducted a hearing on our
abatement order, and appellant testified that he did wish to prosecute his
appeal.  He further stated that he hired Charles Kingsbury to represent
him at trial and on appeal.  Mr. Kingsbury explained his failure to file a
brief, and the trial court provided an additional thirty days for a brief to be
filed. The trial court further found that appellant was not indigent.  

The record does not reflect that appellant filed a
formal designation of the reporter’s record pursuant to Texas Rule of Appellate
Procedure 34.6(b)(1).  The Reporter’s Record
includes five volumes.  Volume 2, entitled “Trial Excerpt,” is the only
volume including evidence admitted at trial and was recorded on August 12,
2009.  The trial court’s docket sheet, however, indicates that appellant’s
trial continued on August 13, 2009, with appellant calling a witness during the
guilt-innocence phase of his trial.  Further, the docket sheet reflects
that both the State and appellant presented evidence and testimony during the
punishment phase of trial.

Analysis

In his only two appellate issues, appellant has
challenged the legal and factual sufficiency of the evidence to support his
conviction.[1] 
On November 9, 2010, this court notified appellant that he had not filed a
complete reporter’s record of the guilt-innocence and punishment proceedings of
his trial, as required by Texas Rule of Appellate Procedure 34.6(c)(5).[2]  Because appellant is not indigent,
we informed him that if he did not provide proof of payment for preparation of
the necessary portions of the reporter’s record by November 30, 2010, we would
consider his appeal on the excerpt of the record before us.  Appellant has
not responded to our directive.

Review of the issues raised by appellant requires a
reporter’s record containing all the evidence adduced at trial.  See
Tex. R. App. P. 34.6(c)(5); Rowell v. State, 66
S.W.3d 279, (Tex. Crim. App. 2001) (“[Rule 34.6] requires only one thing to be
included:  In a criminal case in which one of the appellant’s stated
issues is that the evidence is insufficient to support a finding of guilt, the
record must include all the evidence admitted at the trial.”).  Because appellant,
who is not indigent, has not requested and arranged to pay for the reporter’s
record in a timely fashion, we are prevented from reaching the merits of his
issues.  See Greenwood v. State, 823 S.w.2d 660, 661 (Tex. Crim.
App. 1992) (“[A] sufficiency challenge cannot be raised with only a partial
record.”); see also Lucas v. State, No. 05-01-00078-CR, 2003 WL
21771333, at *6 (Tex. App.—Dallas Aug. 1, 2003, pet. ref’d)
(citing Tex. R. App. P. 34.6(c)(5) and noting that court would be unable to
review merits of challenges to sufficiency of evidence even absent briefing
waiver because the record was missing three and one-half days of State’s case
in chief).  We therefore overrule his issues and affirm the trial court’s
judgment.

                                                                                   


                                                                       
/s/        Adele Hedges

                                                                                   
Chief Justice

 

 

 

Panel consists of Chief Justice Hedges, Justice Jamison, and
Senior Justice Mirabal.*

Do Not Publish — Tex. R. App. P. 47.2(b).














[1] While
this appeal was pending, the Court of Criminal Appeals held that only the legal
sufficiency standard should be used to evaluate the sufficiency of the evidence
in a criminal case.  Brooks v. State323 S.W.3d
893, 894 (Tex. Crim. App. 2010) (plurality op.); id. at 926 (Cochran, J., concurring).





[2]
This rule requires that, in criminal cases where the appellant complains that
the evidence is insufficient to support a finding of guilt, the record must
include all the evidence admitted at trial on the issue of guilt or innocence
and punishment.  Tex. R. App. P. 34.6(c)(5).





*
Senior Justice Margaret Garner Mirabal sitting by
assignment.