**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00331-CR**
_____

**ANDREW MICHAEL NARVAEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Court at Law No. 4
Montgomery County, Texas
Trial Cause No. 20-351742

**MEMORANDUM OPINION**

Appellant Andrew Michael Narvaez (Appellant or Narvaez) was charged by an amended information with the misdemeanor offense of reckless driving. *See* Tex. Transp. Code Ann. § 545.401. Appellant elected to appear pro se at trial despite admonishments by the trial court, and the trial court appointed "standby counsel" for Appellant to confer with if Appellant wanted counsel during trial. Appellant pleaded "not guilty," and a jury found him guilty as charged. The trial court sentenced Appellant to thirty days of confinement and assessed a $200 fine. Narvaez appealed.

1

In one issue, Appellant argues that the trial court abused its discretion in denying Appellant's motion for a mistrial when an extraneous offense was introduced before the jury during the guilt/innocence phase of the trial.[1] According to Appellant's brief, "Appellant did not object immediately to the 404(b) violation probably because as a pro se defendant, he probably did not understand the import of the offending testimony." According to Appellant, as a pro se defendant, he "was unsure of the correct manner in which to challenge the introduction of the inadmissible extraneous conduct evidence[,]" and "then turned to 'stand by' counsel to argue the point and ultimately make a motion for mistrial." Appellant argues that defense counsel proceeded to formally object to the admission under Texas Rules of Evidence 401, 402, 403, and 404(b). Appellant concedes that the non-redacted exhibit mistakenly played at trial was not admitted for appellate purposes and that only a redacted exhibit was admitted and sent back to the jury. Finding no error, we affirm.

Background and Testimony Related to the Stated Issue

The trial court granted that portion of the State's motion in limine that required the defense establish, outside the presence of the jury, the admissibility of any

---

[1] According to Appellant's brief, Appellant was originally charged with both reckless driving and possession of marijuana (class B misdemeanor) and the marijuana case was dismissed on the same day as his conviction for the reckless driving. The information for the possession of marijuana charge and the dismissal of that charge are not part of our appellate record.

2

evidence of "testimony regarding the marijuana found in the defendant's vehicle or regarding the defendant's comments to others on the marijuana and paraphernalia in his vehicle" before mentioning or introducing such evidence before the jury. Prior to voir dire and outside the presence of potential jurors, the trial court asked the parties if there was anything in the motion in limine that needed to be addressed specific to voir dire, and the prosecutor responded:

> Just any mention of marijuana since the State is not moving forward on that charge. We would just ask the Court to admonish the defendant not to mention any feelings on marijuana since that's not relevant to this case.

The State called Shannon Acosta, an investigator with the Montgomery County District Attorney's Office, to testify. During Acosta's testimony, the State introduced Exhibit 5, a recording of a call made by Narvaez from jail, and the exhibit was admitted into evidence without objection. The reporter's record shows that during the recording which was played for the jury at one point in the call Narvaez mentioned he had also been arrested for marijuana, and at that point the State promptly stated:

(STATE'S EXHIBIT NO. 5 PLAYING)

[Prosecutor]: I am moving to strike that from the record.

THE COURT: Granted.

The State continued its direct examination of Acosta, and then the State rested its case, the defense rested its case, and the trial court recessed the jury and began to

3

discuss the jury charge. Thereafter, the following exchange between Appellant's standby counsel, the trial court, the prosecutor, and Appellant then transpired:

> [Appellant's Standby Counsel]: Judge, the defendant has agreed to allow me to present this motion for him. So I'll - - and it's in regards to the phone calls from jail, made reference to being arrested for marijuana. That is a pending case against the defendant.
>
> But the first request would be to ask for a jury instruction to disregard the statement. And even if the Court were to grant that, I believe the - - that would not cure the error.
>
> THE COURT: Which I did. I think you made a motion to strike and - -
>
> [Prosecutor]: Yes, Your Honor.
>
> [Appellant's Standby Counsel]: And we would say that is not curative of the issue, Judge. And we'd, first of all, object to the admission as being irrelevant, more prejudicial than probative, and a violation of Rule 404(b), Texas Rules of Evidence. And given the Court did sustain the objection, we would submit to the Court that that does not cure the error; and, therefore, we'd ask for a mistrial.
>
> THE COURT: Okay. The - - the motion for mistrial is denied.
>
> . . .
>
> [Prosecutor]: What's actually in evidence on the CD is a redacted jail call. What I did was I accidentally played the wrong jail call from off of my computer because I preloaded all media onto my computer because, as the Court is aware, media takes forever to - - if it's inserted from a CD takes forever to load. So I did, by pure accident, play the unredacted portion of the jail call, which is why I asked for a motion to - - why I moved for the record to be stricken of that last portion.
>
> But again, what is in actual evidence on the CD itself is a redacted jail call.
>
> THE COURT: So what goes back to the jury is the redacted jail call without the - -

4

[Prosecution]: Yes. And we are happy to allow Mr. Narvaez to listen to that to make sure it's redacted.

THE COURT: All right. So the motion for mistrial is denied.

It's the Court's thought that we can - - . . . the charge could include an extraneous offense charge which basically says if anything has been presented to the jury that hasn't been proved beyond a reasonable doubt bears no weight if - - if both parties believe that that's appropriate. . . .

MR. NARVAEZ: I mean, I guess I'm kind of held up because we did talk about this prior to coming in that we wouldn't mention anything about it. It was a huge ordeal and here we are.

THE COURT: I know. I think - - at this point, the motion for mistrial is denied. I will include an extraneous offense [jury] charge that would address that which basically tells the jury if there's any evidence of any other crimes being committed, unless the State proves it beyond a reasonable doubt, you can't consider it for any purpose.

MR. NARVAEZ: That's fair.

Standard of Review

We review the trial court's denial of a motion for mistrial for an abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling, and considering only those arguments before the court at the time of the ruling. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We must uphold the ruling if it was within the zone of reasonable disagreement. *Id.* A mistrial is the appropriate remedy only when the objected-to events are so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced

5

against the defendant. *See Young v. State*, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004).

A mistrial is required only in extreme circumstances where the prejudice is incurable because it "is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *see also Ocon*, 284 S.W.3d at 884. Because a mistrial is an extreme remedy, "a mistrial should be granted 'only when residual prejudice remains' after less drastic alternatives are explored." *Ocon*, 284 S.W.3d at 884-85 (quoting *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. Crim. App. 2005)).

To preserve an issue for appellate review, the defendant must make a timely request, objection, or motion stating specific grounds for the ruling he desires the trial judge to make and obtain a ruling on the objection. Tex. R. App. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (citing *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)). The objection must be made at the earliest possible opportunity, and "[a] motion for mistrial is timely only if it is made as soon as the grounds for it become apparent." *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007); *see also King v. State*, 953 S.W.2d 266, 268 (Tex. Crim. App. 1997); *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).

Analysis

Once a defendant in a criminal proceeding elects to represent himself, he is held to the same standards as an attorney. *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988); *Borne v. State*, 593 S.W.3d 404, 414 (Tex. App.—Beaumont 2020, no pet.); *McCray v. State*, 861 S.W.2d 405, 408-09 (Tex. App.—Dallas 1993, no pet.). Judges are not required to make objections or otherwise assist in the defense of a pro se defendant. *See McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984); *McCray*, 861 S.W.2d at 408. Accordingly, a pro se defendant must present a timely and specific request, objection, or motion to preserve a complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *Boyd v. State*, 811 S.W.2d 105, 113 (Tex. Crim. App. 1991). A party's failure to object to the trial court's action waives any error on appeal. *Boyd*, 811 S.W.2d at 113.

We note that our appellate record does not include the complained-of statement played at trial.[2] Even assuming that the statement was related to the arrest for marijuana as alluded to by Appellant's standby counsel at the time he objected and moved for mistrial, based on the record before us, we conclude that Appellant failed to make a timely objection or motion for mistrial because Appellant did not

---

[2] The appellant bears the burden to bring forward on appeal a sufficient record to show the error committed by the trial court. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *Greenwood v. State*, 823 S.W.2d 660, 661 (Tex. Crim. App. 1992).

object at the earliest possible opportunity or make his motion for mistrial as soon as the grounds for it became apparent, which would have been when the complained-of statement in the recording was played at trial. *See Griggs*, 213 S.W.3d at 927; *King*, 953 S.W.2d at 268; *Turner*, 805 S.W.2d at 431. Instead, Appellant waited until after Acosta had finished testifying, after both sides had rested, and while the parties were discussing the jury charge to object and make his motion for mistrial. Because Appellant failed to make a timely objection or motion for mistrial, he waived the alleged error. *See Griggs*, 213 S.W.3d at 927 (where the grounds for appellant's motion for mistrial first became apparent during a witness's testimony but appellant failed to move for mistrial until after the witness had concluded his testimony, the motion was untimely and failed to preserve the complaint for appeal.). We overrule Appellant's issue and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 19, 2022
Opinion Delivered November 9, 2022
Do Not Publish

Before Kreger, Horton & Johnson, JJ.

8