NO. 07-06-0427-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 6, 2006


______________________________



IN RE MICHAEL LOU GARRETT, RELATOR


_________________________________






Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Relator, Michael Lou Garrett, has filed a Petition for Writ of Mandamus with this
court seeking this court to order the Honorable John Board to "immediately perform his
legal duty of providing consideration, decision and ruling in the matter of 'Plaintiff's Motion
for a Temporary Restraining Order and Preliminary Injunction' . . . ." The motion, which
was allegedly "filed" on September 19, 2006, requests the trial court restrain prison officials
from "depriving plaintiff of indigent supplies needed and necessary for processing this
lawsuit to trial . . . ." Garrett contends that he is entitled to relief because the trial court has
"refused to act" on his motion. We deny the petition.

 A trial court has a ministerial duty to consider and rule on motions properly filed and
pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig.
proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.-Tyler 1993,
orig. proceeding). However, the trial court is afforded a reasonable time in which to
perform this ministerial duty. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston
[1st Dist.] 1992, orig. proceeding). Whether the trial court has failed to act within a
reasonable time is dependent upon the circumstances of the case. Id. To establish
entitlement to mandamus relief, the relator must establish that the trial court had a legal
duty to perform a non-discretionary act, relator made demand for performance, and the
court refused to perform. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). 

 Further, the party seeking mandamus relief has the burden to provide a record
sufficient to establish his entitlement to such relief. Walker v. Packer, 827 S.W.2d 833,
837 (Tex. 1992). The relator in a mandamus proceeding must file, with his petition, a
certified or sworn copy of every document that is material to the relator's claim for relief and
that was filed in any underlying proceeding. Tex. R. App. P. 52.3(j)(1)(A), 52.7(a)(1). Thus,
Garrett must provide a record showing that he properly filed his motion for temporary
restraining order and preliminary injunction, made demand on the trial court to rule on the
motion, and the trial court's refusal.

 Attached to Garrett's petition are typed documents which purportedly duplicate
documents contained in the file for the underlying litigation. However, this "record" is not
certified or sworn. Consequently, Garrett has failed to meet his burden of providing a
record sufficient to establish his entitlement to mandamus relief. Walker, 827 S.W.2d at
837.


 Accordingly, we deny the petition for mandamus.


 Mackey K. Hancock

 Justice





 

 



olved with anyone else. Although Ojeda did not visually observe the transfer of cocaine
which occurred in the CI's car, he heard the transaction on the audio recording. Appellant
and the CI spoke in Spanish and Ojeda testified to being fluent in Spanish. Specifically,
he heard appellant ask the CI how much "soda," which is slang for cocaine, he wished to
purchase. He was also able to identify the CI's voice on the audio recording and discern
the difference between his voice and appellant's voice. After the transfer, Ojeda observed
appellant exit the CI's car. The CI then drove away from appellant's driveway to a
predetermined location to hand over the cocaine and audio recording to the officer. 
Considering the low threshold for meeting the "tends-to-connect" standard, we conclude
the evidence presents sufficient corroboration that appellant committed the offense. Issue
one is overruled. 

 By his second issue, appellant raises ineffective assistance of counsel. Specifically,
he alleges trial counsel was ineffective for failing to file a motion to disclose the identity of
the confidential informant, obtain a ruling on a motion to suppress, and improper
investigation of the facts.

 A claim of ineffectiveness is reviewed under the standard set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a
defendant must establish that (1) counsel's performance was deficient (i.e., fell below an
objective standard of reasonableness), and (2) there is a reasonable probability that but for
counsel's deficient performance, the result of the proceeding would have been different,
a reasonable probability being a probability sufficient to undermine confidence in the
outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); see also
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Failure to make the required
showing of either deficient performance or sufficient prejudice defeats the ineffectiveness
claim. Thompson v. State, 9 S.W.3d 808, 814 (Tex.Cr.App. 1999), citing Strickland, 466
U.S. at 700.

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); see also
Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell
within the wide range of reasonable and professional representation. See Andrews v.
State, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005). See also Bone v. State, 77 S.W.3d 828,
833 (Tex.Cr.App. 2002). Where the alleged derelictions are errors of omission de hors the
record rather than commission revealed in the trial record, collateral attack may be the
vehicle by which to develop a detailed record of the alleged ineffectiveness. See Freeman
v. State, 125 S.W.2d 505, 506-07 (Tex.Cr.App. 2003). See generally Massaro v. United
States, 538 U.S. 500, 123 S.Ct. 1690, 1694 155 L.Ed.2d 714 (2003) (stating that when a
claim of ineffectiveness is raised on direct appeal, a trial record is usually not developed
for establishing such a claim).

 Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d
at 813. Where the record is silent, we may not speculate on counsel's performance. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994); Gibbs v. State, 7 S.W.3d 175,
179 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). Generally, the record on direct appeal
will not be sufficient to show that counsel's conduct was so deficient as to meet the first
prong of the Strickland standard as the reasonableness of counsel's choices often involves
facts that do not appear in the record. See Mitchell v. State, 68 S.W.3d 640, 642
(Tex.Cr.App. 2002). Where, as here, appellant complains of errors of omission and only
a partial reporter's record is presented, we are unable to determine whether counsel's
performance was deficient. Issue two is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Appellant filed a partial reporter's record containing excerpts of testimony from
Officer Alex Ojeda, the confidential informant, a chemist, and a victim's assistant
coordinator. A sufficiency challenge cannot be raised with a partial record. See generally 
Greenwood v. State, 823 S.W.2d 660, 661 (Tex.Cr.App. 1992) (interpreting former Rule
53(d), now 34.6(c)(5) of the Texas Rules of Appellate Procedure). Also, appellant did not
include a statement of issues to be presented on appeal as required by Rule 34.6(c)(1). 

 Although appellant's challenge is to the sufficiency of corroboration, a review of all
testimony is still necessary. By order dated June 23, 2005, this Court ordered appellant
to make arrangements for preparation of the entire reporter's record on or before July 15,
2005. On August 15, 2005, the court reporter filed a motion for extension of time indicating
appellant had not yet made arrangements for the supplemental reporter's record. The
motion was denied and the appeal proceeded on course. Although appellant's failure to
provide the entire record constitutes waiver of his sufficiency complaint, we nevertheless
will review the excerpts of Officer Ojeda's testimony to determine whether there is sufficient
corroboration of the CI's testimony.